### DUNIGAN TOOL & SUPPLY CO. v. WHIPPLE.

### No. 3905.

Court of Civil Appeals of Texas. El Paso. Jan. 25, 1940.

Rehearing Denied Feb. 15, 1940.

Paul Moss, of Odessa, for appellant.

Todd, Crowley & Thompson, of Fort Worth, and Brooks & Little, of Big Spring, for appellee.

PRICE, Chief Justice.

This suit originated in the District Court of Andrews County. O. C. Whipple, as plaintiff, sought to recover damages against Dunigan Tool and Supply Company, as defendant, for personal injuries alleged to have been inflicted on his wife by the negligent acts of said defendant.

The parties will be referred to throughout by the designation they bore in the trial court.

Plaintiff alleged that while his wife was driving an automobile in a southerly direction on a public road near the town of Andrews, Texas, and while defendant's truck, driven by an employee, was proceeding northerly on the same road, in attempting to pass each other, there was a collision between the two vehicles. It is alleged that in the car in which Mrs. Whipple was riding were also Mr. and Mrs. Toms; that as a result of the collision his wife sustained serious personal injuries. Several grounds of negligence were alleged by plaintiff with reference to the manner of the driving of the truck and the conduct of the driver thereof just prior to and at the time of the collision. Failure to keep a proper lookout was charged, operation of the automobile on the wrong side of the road when the road was not clear and unobstructed in front for a distance of fifty yards, excessive speed, and several other grounds.

Defendant answered by general denial; further, that the injuries to plaintiff's wife were the result of an unavoidable accident, and a very detailed plea of contributory negligence, specifying some fourteen acts or omissions on the part of plaintiff's wife.

The trial was to a jury, submission was on twenty-four special issues, the findings were in favor of the plaintiff on the several grounds of negligence submitted, and on the issue of unavoidable accident. On the issues of contributory negligence submitted the finding was likewise in favor of the plaintiff, acquitting his wife of contributory negligence. Damages were assessed in the sum of $2,500. Judgment was rendered on the verdict against the defendant in that amount. Motion for a new trial was filed by the defendant and same was overruled. Appeal was perfected, and the case is here for review.

Defendant has made some twenty-three assignments of error followed by one statement. This method of briefing renders the consideration of the case rather difficult. However, the argument somewhat simplifies matters, and we shall endeavor to pass on what we consider the vital and controlling matters presented by the appeal.

Before the charge was submitted to the jury, defendant moved for a directed verdict in its favor. The court refused this motion, and this action is assigned as error.

The jury found that at the time of and just prior to the collision defendant's truck was on the wrong side of the road. The witnesses to the collision, that is, the occupants of the car which plaintiff's wife was driving, and the truck driver, all seemed agreed that the collision occurred on plaintiff's wife's side of the road, that is, west of the center line thereof. Plaintiff's wife testified, and likewise Mr. Toms, as to this point. The evidence showed that the collision took place some one hundred and fifty yards from the crest of a rise over which defendant's truck came just prior to the collision. The road was straight at the points in question. There appears to have been no obstruction to the view of either the driver of the truck or plaintiff's wife. Defendant's truck driver testified, in substance, he did not see the approaching car until at or about the time of the collision. Inferentially, he seeks to excuse his failure to see the car by the fact that he was attacked by gnats and his attention was thus distracted. He further testified that at the speed he was proceeding he could have stopped the car in twenty-five or thirty feet. In our opinion the findings of the jury find ample support in the evidence.

Established by the verdict is that the truck was operated at an unlawful rate of speed; on the wrong side of the road; that defendant's driver was guilty of negligence in the matter of keeping a lookout; that each of such negligent acts or omissions was a proximate cause of the collision and consequent injuries to plaintiff's wife.

There is no question but at the time of the collision defendant's driver was acting in the scope of his employment.

■ It is complained that the verdict for $2,500 is excessive. The evidence tended to show that at the time of the collision plaintiff's wife was six weeks advanced in pregnancy; that a few days after the collision she miscarried. It is unnecessary to set forth the evidence of damages in detail. Suffice it to say that it tended to support the elements of damages pleaded by plaintiff. The amount of damages assessed finds, in our opinion, support in the evidence.

Many exceptions were reserved by the defendant to the court's charge. Several of the definitions given were objected to, but these objections are not briefed. Exceptions were reserved to the failure of the court to submit certain defenses pleaded by defendant. These exceptions also purport to be a request for the court to formulate and submit issues on the several defensive matters. In several cases there was a suggested formulation of the issues. As to the suggested formulation of the various issues contained in the exceptions, defendant makes this reservation: "The foregoing suggested questions are made for the sole purpose of calling to the court's attention the necessity of submitting such issues and are not made for the purpose of binding the court or the defendant, but merely made for the purpose of suggesting the necessity of such issues."

■ Let us first consider the issues the submission of which are requested in the exceptions without formulation. The law seems to be well settled that it is incumbent upon a party desiring the submission of an issue not covered by the court's charge to prepare same and request the submission thereof. Further, that a mere objection to the court's charge is not sufficient to constitute error in the failure to submit an issue. Gulf, C. & S. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Harris v. Thornton's Department Store, Tex.Civ.App., 94 S.W.2d 849; Harris v. Leslie, 128 Tex. 81, 96 S.W.2d 276; Texas & N. O. Ry. Co. v. Crow, 132 Tex. 465, 123 S.W.2d 649; Southern Underwriters v. Parker, Tex.Civ.App., 129 S.W. 2d 738; Texas Law Review, Vol. 17, No. 4, p. 459.

■ In regard to the issues as to which the objection of defendant suggested their formulation, this suggested formulation was with the reservation that it was not to be binding on either the court or the defendant. With the attached reservation we do not consider the submission of the issues either requested or demanded within the meaning of Article 2186, R.S. 1925. Further, it nowhere appears that the suggested issues were submitted to opposing counsel as required by Article 2186, supra. Article 2188, R.S. 1925, provides for a bill of exceptions to the refusal of the trial judge to give a special instruction. Unless that provision is substantially followed, there is no presumption that the requirement of Article 2186 as to submission to opposing counsel has been made. Walker v. Jean Lafitte Hotel Co., Tex.Civ.App., 94 S.W.2d 504; Cox et ux. v. City of Fort Worth, Tex.Civ.App., 102 S.W.2d 504; Geistmann v. Schkade, Tex. Civ.App., 121 S.W.2d 494.

The right of opposing counsel to inspect a requested charge, even though it be refused, is a valuable right. Southern Motor Lines v. Creamer, Tex.Civ.App., 113 S.W.2d 624. In rare instances only would a trial judge refuse an issue where both parties agree that same should be submitted. If requested issues may be refused without being submitted to the opposing party, his rights may be affected by a proceeding of which he has no notice. We think the manner of the submission of the case under the theory of the applicable statutes is arrived at in a proceeding before the court in which each party has a right to be heard. It is true, the charge is submitted for the purpose of permitting the opposing counsel to except thereto. Implicit, however, in this provision is the idea that if he deems it a proper issue he may have the opportunity of so stating to the trial court.

We believe here that all of the defensive theories raised by the evidence were substantially submitted in the court's charge. The form of the issues suggested in the exceptions has not been considered for the reason that it was deemed unnecessary to do so.

■ Special issue No. 23 was as follows: "Do you find from a preponderance of the evidence that Mrs. O. C. Whipple sustained any personal injuries as a proximate result of the collision in question? Answer 'yes' or 'no.' "

Defendant assigns error in substance on the ground that the issue does not limit the jury to injuries alleged in the petition. Also error is assigned to special issue No. 24 on substantially the same ground. Special issue No. 24 was as follows: "What

sum of money, if paid now in cash, do you find from a preponderance of the evidence, would reasonably compensate Mrs. O. C. Whipple for the injuries, if any, received by her, proximately resulting from the collision in question? Answer in dollars and cents, if any."

In the defendant's objection to the court's charge neither of the issues was assailed on the grounds specified in the assignments. Under Article 2185, R.S. 1925, it is expressly provided that, " * * all objections not so made and presented shall be considered as waived." Section 3 of Article 2237 provides, "the ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to." Judge Speer, in his work on Special Issues, has the following to say: "A consideration of the purpose of the statute in requiring timely objections would show that it is contemplated that the objection shall be sufficiently informative to apprise the court of the error or vice complained of." Special Issues, Speer, Section 270, and authorities there cited. The same rule is laid down in Texas Jurisprudence. 41 Tex.Jur. 1063, § 252, and cases cited.

■ Defendant made very detailed objections to the explanation given the jury in connection with special issue No. 24, submitting the issue of damages. The explanation seems to be the ordinary charge in this respect. There was evidence sustaining the various elements submitted. Subdivision A of the assignment raising objections to this explanation complains that the explanation should not have authorized consideration of her inability to perform her household duties. This is a proper element of damage. She testified she was so disabled, and such disability continued to an extent. Dallas Railway & Terminal Co. v. Sutherland, Tex.Civ. App., 27 S.W.2d 830. Subdivisions B and C present no valid ground or objection to the explanation as such. In each it is asserted that plaintiff's wife, or her physician, after the miscarriage was negligent. Subdivision D, that defendant could not reasonably foresee that Mrs. Whipple was pregnant and the injuries consequent to that condition should not be considered; subdivision E, that on account of her contributory negligence she was not entitled to recover any damages. We find no merit in this assignment.

It has been our endeavor to consider all of the assignments urged, and what we have herein said we consider as overruling all of same.

This case, as reflected by the record, was fairly tried; the issues raised by the pleadings and the evidence fairly and clearly submitted; the verdict sustained by the evidence. There is no reversible error shown.

Affirmed.