The judgment is reversed and the cause remanded.

**Mrs. Jessie Mae HUNT et vir, Appellants,**

v.

**Sam W. PARRISH, Appellee.**

**No. 3644.**

Court of Civil Appeals of Texas.

Waco.

May 21, 1959.

Rehearing Denied June 11, 1959.

Ragan & Weaver, Arthur Petry, Houston, for appellants.

Butler, Binion, Rice & Cook, John L. McConn, Jr., Houston, for appellee.

WILSON, Justice.

This personal injury case arises out of a rear-end automobile collision. Negative jury findings in answer to the following issues are assailed on the grounds there is no evidence of probative force supporting them, and that they are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust:

"1: Do you find from a preponderance of the evidence that immediately before the collision made the basis of this suit, Sam W. Parrish was following the plaintiff's vehicle more closely than an ordinarily prudent person, in the exercise of ordinary care, would have followed the same under the same or similar circumstances?

"3: Do you find from a preponderance of the evidence that immediately

before the collision in question, Sam W. Parrish failed to keep such a lookout for other vehicles as would have been kept by an ordinarily prudent person in the exercise of ordinary care under the same or similar circumstances?

"5: Do you find from a preponderance of the evidence that immediately before the collision in question, Sam W. Parrish was proceeding at a rate of speed in excess of that at which an ordinarily prudent person would have proceeded in the exercise of ordinary care under the same or similar circumstances?"

Conditionally submitted issues on proximate cause were not answered. The court overruled plaintiffs' motion for judgment non obstante veredicto. The only other issue submitted was that as to damages.

This opinion may be simplified at the outset by stating we hold there was evidence of probative force supporting the jury finding in answer to issue No. 5 as to speed; and, alternatively, that it was not so against the great weight and preponderance of the evidence as to be manifestly unjust. All of appellants' points relating to this and its corollary issue are overruled.

As to issues 1 and 3, the facts of this case do not justify us in holding as a matter of law that there is no evidence of probative force supporting the negative answers.

As to the lookout issue, No. 3, there may be plausible and rational ground for so holding under the following authorities: Hoey v. Solt, Tex.Civ.App., 236 S.W.2d 244, no writ hist.; Fisher v. Franke, Tex.Civ. App., 321 S.W.2d 903; 2 Tex.Jur.Supp. 137, Sec. 148; 4 Blashfield Cyc. of Auto. Law, Sec. 2731, p. 225; Bashor v. Bashor, 103 Colo. 232, 85 P.2d 732, 120 A.L.R. 1513; Bourland v. Baker, 141 Ark. 280, 216 S.W. 707, 20 A.L.R. 525; Helgoe v. Bade, 201 Wis. 193, 229 N.W. 541; Dreyer v. Otter Tail Power Co., 205 Minn. 286, 285 N.W. 707, 287 N.W. 13; Moss v. Koetter, Tex. Civ.App., 249 S.W. 259, writ ref.; Dun-

igan Tool & Supply Co. v. Whipple, Tex. Civ.App., 136 S.W.2d 947, no writ hist.; Caraway v. Behrendt, Tex.Civ.App., 224 S.W.2d 512, no writ hist.; Renshaw v. Countess, Tex.Civ.App., 289 S.W.2d 621, no writ hist.; 5A Am.Jur. Sec. 266, p. 393.

However, we consider the language of Justice Calvert in Texas & New Orleans R. R. Co. v. Day, Tex., 316 S.W.2d 402, 407, defines the guide to our function here:

"There is ample authority for the legal proposition that mere 'distractions' which divert the attention of one crossing a railroad track from an approaching train by which he is injured will obviate a holding of failure to keep a proper lookout as a matter of law. * * * Before we are justified in holding as a matter of law that the truck operator failed to keep a proper lookout his conduct in that respect must have been 'so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person' would have acted as he acted under the same or similar circumstances."

The circumstances in this case do not clearly meet this test in our judgment.

Appellee summarizes the factual background as follows:

"The evidence shows that this accident occurred at 5:15 P.M. on a weekday on North Main Street in Houston. The street was crowded with autos taking people home from work. Appellant's and Appellee's cars were in a long line of traffic, with Appellee's car following behind Appellant's. Appellee had followed Appellant in this line of slow moving traffic for some 3 blocks, during which time he had stopped several times behind Appellant's car as the line of traffic stopped for a traffic light which was up ahead. The vehicles in this long line of traffic were following close behind one another. Immediately before Ap-

pellee's car bumped Appellant's, the line of cars (including Appellee's and Appellant's) had been stopped. As the line started back up, Appellant's car started up, as did Appellee's following it. At that moment Appellee's 11 month old baby, who was standing on the front seat of Appellee's car on the right side, to the right of Appellee's wife, let out an unexpected cry. This caused Appellee to turn his attention for a short while in the direction of his baby, and upon looking back to front found Appellant's car right in front of him (evidently again stopped or about stopped), too late for Appellee to avoid bumping it."

As to issue No. 1, there is actually no evidence in the record from which any reasonably accurate estimate of the distance between the two cars can be deduced. This element of the case is undeveloped. Defendant testified that "everybody was running bumper to bumper"; "we had all been stuck, I would say we had moved about 10 feet, just starting up, and that is when the baby cried out and I looked at him." The car behind defendant was not involved in the collision. The cars were "close together." Defendant says his foot was "on the accelerator" when he looked aside. The evidence as to damage to the two cars was conflicting. The congestion of heavy traffic required continuous intermittent starts and stops. The defendant and his wife were talking. He knew his wife was seated beside him holding the child with a mother's protective vigilance. During the trial, defendant reiterated the conclusions that he failed to keep a proper lookout and was at fault, and the parties apparently clashed almost entirely on the issue of the existence and extent of plaintiff's injuries. There was no suggestion of negligence on the part of plaintiff.

It is our view that either the jury's answer to issue No. 1 as to following too close-

ly, or to No. 3 concerning proper lookout, is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong. The only evidence in the record which can be said to support a negative answer to issue No. 3 is the testimony of defendant that he was momentarily distracted, or his attention diverted when his child cried out, and that his lookout ceased when he looked toward it.

It might be said under somewhat different circumstances that a natural and instinctive parental impulse would excuse defendant's actions. That the jury might properly find that a person of ordinary prudence would respond to a child's cry as defendant did, is not within our province to deny. Also, that one keeping a proper lookout might follow as closely as defendant here, could be found to comport with the standard of the ordinarily prudent person. But to our minds, either the finding that a prudent person may thus look aside while following so closely, or the finding that knowing he might be impelled to look aside, he may drive so closely with impunity, is so contrary to the overwhelming preponderance of the evidence as to be manifestly wrong and unjust. Under this record, for us to find which of these two answers is contrary to the overwhelming preponderance of the evidence would be to usurp the jury function. Although we recognize the problems which will confront the trial court if the evidence, issues and verdict are the same on another trial, we cannot logically select the alternative, or so find as to both.

Appellants' 8th and 9th points of error are sustained. All other points are overruled.

The judgment of the court below is reversed and this cause is remanded to the trial court.