SAM W. PARRISH v. MRS. JESSIE MAE HUNT ET VIR.

No. A-7431. Decided January 28, 1960.
Rehearing overruled February 17, 1960.
(331 S.W. 2d Series 304)

*Butler, Binion, Rice & Cook, John L. McConn, Jr.,* of Houston, for petitioner.

*Ragan & Weaver, Arthur Petry, Hill, Brown, Kronzer & Abraham,* of Houston, for respondents.

MR. JUSTICE SMITH delivered the opinion of the Court.

In this suit for damages for personal injuries filed by respondent, Mrs. Jessie Mae Hunt, and husband, against petitioner, Sam W. Parrish, a district court jury made two findings that are involved in this appeal. The jury found, in answer to Special Issue No. 1, that the petitioner, Sam W. Parrish, was *not* "following the respondent's vehicle more closely than an ordinarily prudent person, in the exercise of ordinary care, would have followed the same under the same or similar circumstances," and, in answer to Special Issue No. 3, that Sam Parrish did *not* fail to "keep such a lookout for other vehicles as would have been kept by an ordinarily prudent person in the exercise of ordinary care under the same or similar circumstances." All other issues and the answers of the jury thereto are immaterial to a proper disposition of the points presented here. It is sufficient to say that judgment on the verdict was rendered for the petitioner and against the respondents. On

appeal the Court of Civil Appeals reversed and remanded the cause to the trial court for a new trial. 324 S.W. 2d 887.

The facts bearing upon special issues numbered 1 and 3 are fully set out in the opinion of the Court of Civil Appeals and will not be repeated here, since our only question is whether or not the Court of Civil Appeals properly exercised its jurisdiction in ruling upon respondents' points 8 and 9. These points properly and adequately presented to the Court of Civil Appeals the question of whether or not the answers of the jury to special issues numbered 1 and 3 were so contrary to the overwhelming weight and preponderance of all the evidence as to be clearly wrong and unjust. That court was required, in the exercise of its powers under Article 5, Sec. 6, of the Texas Constitution and Texas Rules of Civil Procedure Nos. 451, 453, and 455, not only to consider and weigh all of the evidence in the case in accordance with the rule announced in In Re King's Estate, 150 Texas 662, 244 S.W. 2d 660, and to set aside the verdict and remand the cause for a new trial if it concluded that the verdict was so against the great weight and preponderance of the evidence as to be manifestly unjust, but was also required in the proper exercise of its jurisdiction to determine which one of the jury answers was so contrary to the overwhelming weight and preponderance of all the evidence as to be clearly wrong and unjust. The holding of the court that either the jury's answer to Special Issue No. 1 or to No. 3 is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong, and that for it to find which of these two answers is contrary to the overwhelming weight and preponderance of the evidence would be to usurp the jury function is assigned as error here.

**1,2** Rule 451, supra, provides that the Courts of Civil Appeals shall decide all issues presented to them by proper assignments of error by either party, whether such issues be of fact or of law, and announce in writing their conclusions. The holding of the court in this case is tantamount to a refusal to pass upon the assignments in question as required by this Rule. The respondents challenge the jurisdiction of this court to determine the question presented. The question of whether or not an intermediate court properly exercised its jurisdiction is one of law over which we have jurisdiction. See Dallas Ry. & Terminal Co. v. Farnsworth, 148 Texas 584, 227 S.W. 2d 1017; Rule 451, supra, and In Re King's Estate, supra. It is the duty of the Court of Civil Appeals to decide the question raised by respondents' assignments of error 8 and 9, and such decision is to be

made in accordance with the well established rule announced in the above decisions. The general holding by the Court of Civil Appeals that "Appellants' 8th and 9th points of error are sustained" is rendered ineffective when considered in the light of its express holding that "to find which of these two answers is contrary to the overwhelming preponderance of the evidence would be to usurp the jury function."

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court, so that it may properly pass upon these assignments in a manner consistent with this opinion.

Opinion delivered January 20, 1960.

Rehearing overruled February 17, 1960.