Alice Callihan PEDERSON, Appellant,

v.

Russell J. SCOTT, Jr., Individually and d/b/a Industrial Diamond Products Company, Appellee.

No. 16395.

Court of Civil Appeals of Texas.

Fort Worth.

March 1, 1963.

Rehearing Denied April 12, 1963.

John O. Kain and Richard H. Powell, Houston, for appellant.

Talbert, Giessel, Cutherell & Barnett, and Henry P. Giessel, Houston, for appellee.

MASSEY, Chief Justice.

Appellant (plaintiff below) contends certain jury findings in a rear-end automobile collision case are contrary to the overwhelming preponderance of the evidence. These findings are to the effect that defendant did not fail to keep a proper lookout, did not drive too closely behind the vehicle in which appellant was riding, did not fail to make proper and timely application of brakes, and was not negligent with respect to the rate of speed he was driving.

Additional were findings that though defendant failed to turn and drive to the left, such was not negligence, and that the collision which occurred was the result of an unavoidable accident. By other findings the jury concluded that defendant was acting in an emergency in which he used due care. It is of interest to note that the collision involved two automobiles in a funeral procession.

Complaint was also made that there was no evidence which supported the jury's answers so returned. The burden was upon the appellant as to each issue of which complaint is made. She was not entitled to affirmative answers as a matter of law. This complaint is overruled. Further, on the matter of defendant's speed and failure to drive to the left, as negligence and proximate cause, we believe there is no question but that the jury's negative findings had adequate support in the evidence and must not be disturbed.

As applied to the situation in this case we are somewhat in the predicament the Waco Court of Civil Appeals found itself in the case of Hunt v. Parrish, 1959, 324 S.W.2d 887. The court reached the conclusion that the driver of the rear car, defendant in the case, was in all reasonable probability negligent either in that he failed to keep a proper lookout or was following too closely behind the vehicle preceding, and that such negligence was in all reasonable probability a proximate cause of the collision and plaintiff's resulting injuries. Here it would seem reasonable to conclude that the defendant either failed to keep a proper lookout, or contrariwise that he was following too closely or otherwise negligent in respect to the application of his brakes, and that the negative jury findings in one case or the other was against the great weight and preponderance of the evidence, although we are unable to determine which answer(s) should be condemned.

The Supreme Court reversed the Court of Civil Appeals in the Hunt v. Parrish Case. See Parrish v. Hunt, 1960, 160 Tex. 378, 331 S.W.2d 304. Its holding was that if either the jury finding that the defendant did not fail to keep a proper lookout was against the great weight and preponderance of the evidence *or* its finding that the defendant was following too closely was

against the great weight and preponderance of the evidence, the Court of Civil Appeals was charged with the duty to declare which. On remand the Waco Court stated that since it was impossible to logically determine which of the two jury findings was contrary to the overwhelming preponderance of the evidence the judgment of the trial court would be affirmed. In other words the holding was that where the Court of Civil Appeals would not be able to decide which finding should be overturned, upon the conclusion that one or the other should fall, neither could be overturned. See Hunt v. Parrish, 1960 (Tex.Civ.App., Waco), 334 S.W.2d 505.

■ Applying the foregoing to the instant case it would seem that we are obliged to leave undisturbed the negative findings the jury made against appellant's contentions and affirm the judgment of the court below. However, in the instant case the jury found that at the time of the collision the defendant was acting under an emergency, and that being faced therewith acted as a person of ordinary prudence in the exercise of ordinary care would have acted under the same or similar emergency. All the answers which were returned by the jury, as hereinabove considered, acquitted the defendant of negligence which amounted to a proximate cause of the collision. The answers returned by the jury to the issues on emergency are in harmony therewith. It would seem therefore that even if the jury had found the defendant negligent in one or more of the respects charged the subsequent findings on the emergency issues rebutted the antecedent findings and the judgment proper under the circumstances identical to that the trial court entered. Goolsbee v. Texas & N. O. R. Co., 1951, 150 Tex. 528, 243 S.W.2d 386.

It is our opinion, therefore, that the judgment of the trial court is to be sustained for reasons analogous to those observed by the Supreme Court in the Goolsbee case. It might be that the appellant could be heard to contend that the issue of emergency was not in the case. There was no motion made in the trial court to disregard the emergency issues and the jury findings returned thereto under Texas Rules of Civil Procedure, rule 301, "Judgments". There is no point of error presented on the appeal which asserts that the issues were not raised. By her twenty-fifth point of error the appellant contends that the jury findings thereto returned are so contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust. By her twenty-sixth point of error appellant asserts that the findings indicate that the jury's answers were based upon bias and prejudice. However, in both these points of error the complaint was joined and merged into a "blanket" complaint embracing the negative findings hereinabove discussed along with the findings to the emergency issues, with reference made to appellant's whole complaint and the individual matters embraced therein by the words "separately and cumulatively". In other words, by a single point of error appellant complains of every finding made against her by the jury and of the findings made for the defendant on the emergency issues.

No question obviously related to the matter of emergency and the jury findings thereon is discussed under appellant's points. Her entire argument relates to the negative findings we discussed before we reached the matter of whether defendant was confronted by an emergency. In view thereof we believe that we are bound to treat "sudden emergency" as raised by the evidence and made issues for the jury, and the jury findings thereon as not having been contrary to the great weight and preponderance of the evidence. Right of complaint would be properly treated as waived for failure to brief. T.R.C.P. 418, "Briefs: Contents". Furthermore, even if briefed the twenty-fifth and twenty-sixth points of error would appear to be multifarious under the same rule.

■ Appellant has founded points of error upon the jury's failure or refusal to find

an amount above the "zero" answer it did return on the matter of her damages from personal injuries. While we believe and hold that such findings were in fact against the greater weight and preponderance of the evidence in the whole record, our decision in accord with appellant's contention is pointless and ineffective in view of our holdings against her in respect to liability. Decision thereon would be material only if appellant be found entitled to another trial on the liability phase of the appeal.

Judgment is affirmed.