**Pedro RAMIREZ, Sr., et ux., Appellants,**

**v.**

**Geraldo GARCIA, Appellee.**

**No. 449.**

Court of Civil Appeals of Texas.

Corpus Christi.

Jan. 23, 1969.

Utter & Chase, Max L. Bennett, Corpus Christi, for appellants.

Allison, Baker & White, Guy Allison, Corpus Christi, for appellee.

## OPINION

GREEN, Chief Justice.

Geraldo Garcia, defendant-appellee, parked his car in front of an HEB grocery store in Robstown and turned off the car motor. When he attempted to leave, the starter would not work. He went to the front of the car, raised the hood and either struck the starter with a screwdriver or used the screwdriver to make some connection between the starter and part of the electrical system. Suddenly the motor started, the car jumped the six to eight inch curb and went over the sidewalk through the glass window of the store and struck and injured plaintiff Mrs. Pedro Ramirez, who was inside the store. She and her husband filed this personal injury suit against appellee Geraldo Garcia.

On the trial of the case, the jury in answering special issues numbered as follows found (1) that defendant failed to place the transmission gear of his car in "park" position immediately prior to the occurrence in question (2) which failure was negligence (4) that defendant failed to place the transmission gear in a neutral position immediately prior to the occurrence (5) which failure was negligence (10) that defendant placed the transmission gear in a "drive" position immediately prior to the occurrence (11) which was negligence (13) that defendant failed to engage the emergency brake immediately prior to and at the time of the occurrence (14) which failure was negligence. However, the jury in giving negative answers to special issues (3), (6), (12) and (15) failed and refused to find from a preponderance of the evidence that such negligence as was found by the jury was a proximate cause of the occurrence in question. In addition, the jury found (7) that defendant left the ignition in an "on" position immediately

prior to the occurrence, but did not find, in answer to (8) that such action was negligence, and left unanswered the proximate cause (9) issue. No issues on contributory negligence were submitted. Judgment was rendered that plaintiffs take nothing.

Plaintiffs-appellants by their four points of error raise the proposition that the jury's negative findings with respect to proximate cause in answer to special issues Nos. (3), (6), (12) and (15) were so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

The Texas Supreme Court in the well known and oft cited case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, laid down the following rules when, in speaking of the contention of factual insufficiency of the evidence, it stated:

"* * * The question requires the Court of Civil Appeals, in the exercise of its peculiar powers under the constitution and Texas Rules of Civil Procedure Nos. 451, 453, and 455, to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial, if it thus concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust—this, regardless of whether the record contains some 'evidence of probative force' in support of the verdict. See cases cited, supra. The evidence supporting the verdict is to be weighed along with the other evidence in the case, including that which is contrary to the verdict."

See also Garza v. Alviar, Tex.Sup.Ct. 395 S.W.2d 821, p. 823, syl. (4–6).

In his article on "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas Law Review 359, Chief Justice Calvert states: (p. 367)

"If there is evidence of probative force tending to prove the existence of a vital fact and evidence tending to disprove its existence and the point of error is that

the finding is against the great weight and preponderance of the evidence, the rule by which a Court of Civil Appeals should be guided in passing on the point is simple even if the conclusion to be reached in a particular case is difficult. If the finding of the existence of the fact, considering all of the evidence, is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust, the court should sustain the point and order a new trial; otherwise, the court should overrule the point and affirm. * * * "

Defendant-appellee Geraldo Garcia, called by plaintiffs under the adverse party rule, testified that he and his wife went to the Robstown HEB store about 8:00 P.M. on the day in question. He was driving his 1959 Chevrolet, equipped with automatic shift. The car was in first class condition. He stopped his car at the curb in front of the store while his wife got out. He cut off the motor. The store was closed and his wife came back and got in the car. He turned on the key and tried to start the car, but the self starter would not work. He got out and went to the side of the car, raised the hood, and according to his testimony hit the self starter several times with a screwdriver. It was dark under the hood, and he had no flashlight. He was no mechanic, and knew very little about car motors. He had been driving this Chevrolet for over a year, and before buying this car had owned and driven a Ford, also equipped with automatic shift. He understood the sequence of the gear shift on his car, and that the letters "P", "R", "N" and "D" on the dash meant "Park", "Reverse", "Neutral" and "Drive". He did not remember whether the key was turned to the "on" or "off" position or how he had left the gear shift when he got out of the car, but he further testified that the key could not have been turned off if the gear shift was in "drive". He stated that it was his intention to "hit the starter just on top. Many times I have seen many men hit the starter on the top and then go back and turn on the key and it starts."

When he hit the starter with the screwdriver the motor started, the car took off, jumped the curb, ran through the plate glass window of the HEB store, and knocked plaintiff Mrs. Ramirez unconscious.

Mrs. Garcia remembered very little of the occurrence after she got back in the car. David Glaser, an employee of HEB, testified that the car came through the front of the store and struck Mrs. Ramirez knocking her unconscious to the floor. Their evidence added little to the cause of the car's starting in motion. Mrs. Ramirez remembered practically nothing of the events, and gave no testimony pertinent to the issues on appeal.

Witness Ray Contreras was a police officer of the City of Robstown, and had been such for fourteen years. He was called on to investigate the accident within a few minutes after its occurrence. He stated that Garcia, the defendant, told him that he was going "to start my car, and it would not start. The switch would not work, so I got out of the car and raised the hood and got a screwdriver and connected the screwdriver from the battery cable to the selinoid to start the car." The car was in gear, so the witness quoted Garcia as saying, and "this is what happened, it went through the window."

Garcia had first testified that he did not say anything to the officer, but then stated that he told him that he hit the starter on top with a screwdriver, and denied saying anything about the solenoid. However, he testified he knew of the solenoid, saying that he thought it was what goes on top of the starter.

The evidence showed without dispute that in order for the car to have started and gone forward, the ignition had to be on, or the wires crossed and the car had to be in gear. (The jury found that the defendant left the ignition in the "on" position and the transmission gear in a "drive" position immediately prior to the occurrence.)

This, in our opinion, is the extent of the evidence on the proximate cause issues. There was considerable testimony concerning plaintiffs' damages, but in passing on appellants' points of error we are not concerned with such evidence.

■ An affirmative finding by the jury to any one of the proximate cause issues where defendant was found to be guilty of negligence would have required a judgment for plaintiff, since contributory negligence was not a factor in the case. In order for this Court to be in position to reverse and remand this case for factual insufficiency of the evidence to support the verdict of the jury as to proximate cause, it is necessary that we determine that the negative answer of the jury to a *specific* proximate cause issue is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. Parrish v. Hunt, 160 Tex. 378, 331 S.W.2d 304; on remand to Court of Civil Appeals, 334 S.W.2d 505.

As stated hereinabove, the jury found, (10) that defendant placed the transmission gear in a "drive" position immediately prior to the occurrence in question (11) which action was negligence, but (12) failed to find from a preponderance of the evidence that such negligence was a proximate cause of the occurrence. Appellants, in their third point of error, contend that the jury's negative answer to special issue No. 12 was so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

The trial court in his charge to the jury gave the following definition of proximate cause:

"By the term 'Proximate cause', as used in this charge, is meant that cause which, in natural and continuous sequence produces the injury, and without which the result would not have occurred, and from which it ought to have been foreseen or reasonably anticipated by a person in the exercise of ordinary care that the injuries complained of or

some similar injury would result naturally and probably, in the light of attending circumstances. There can be more than one 'proximate cause' of an event."

■ The two necessary elements of proximate cause are foreseeability and causation. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352; Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359, 363; Motsenbocker v. Wyatt, Tex.Sup.Ct., 369 S.W.2d 319. The Supreme Court stated, in Biggers, supra, on page 365:

"The true rule is correctly stated in Sullivan v. Flores where it is said that all that is necessary to establish that an actor's negligent act is a proximate cause of an injury is proof that 'As a person of ordinary intelligence and prudence, he should have anticipated the danger to others created by his negligent act, and the rule does not require that he anticipate just how injuries will grow out of that dangerous situation.' (134 Tex. 55, 132 S.W.2d [110] 111.) * * *"

■ The answers of the jury to special issues Nos. 10 and 11 established, for the purposes of the trial, that defendant was guilty of negligence in placing the transmission gear in a "drive" position immediately prior to the occurrence in question. The evidence showed beyond controversy that the car was caused to move by reason of the appellee's endeavors with the starting apparatus of the automobile. The evidence summarized above, including evidence that in order for the car to start and go forward as it did the ignition had to be on, or certain wires had to be crossed, and the car had to be in gear, as well as all of the other testimony in the record, convinces us not only that the negligence of Garcia as found in answer to issue (11) was a cause of the occurrence, but also that as a person of ordinary intelligence and prudence, he, under the attending circumstances, should have anticipated and foreseen the danger to others created by his negligent act. The negative finding of

no proximate cause in answer to special issue No. 12 is in our opinion so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Appellants' third point of error is sustained.

For like reasons, appellants' first, second and fourth points, alleging factual insufficiency to support the jury's answers to special issues Nos. (3), (6) and (15), are sustained.

Reversed and remanded.