A. H. ROEVER, Appellant,

v.

Tommie Leon DELANEY and Doyle Delaney, Appellees.

No. 18142.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 18, 1979.

Garrett, Settle & Callaway, W. Wallace Brady, Fort Worth, for appellant.

The Firm of Larry S. Parnass, and Laurence I. Burshtyn, Irving, for appellees.

## OPINION

MASSEY, Chief Justice.

The case brought forward on appeal was a "rear-end collision case". A large truck owned by defendant Doyle Delaney and being driven by defendant Tommie Leon Delaney collided with the rear of the pickup

owned and driven by plaintiff A. H. Roever. The collision occurred on a freeway in Fort Worth not far from one of the freeway exits. A large truck ahead of Roever had come to a stop. In turn Roever stopped his pickup, and the Delaney truck ran against it.

Following trial without intervention of a jury the court rendered judgment for the defendants; and that Roever take nothing by his action. Therefrom Roever appealed.

We affirm.

■ There was no request for findings of fact and conclusions of law; none were filed. Under such circumstance we necessarily imply findings of fact to have been made against Roever on every issue he was obliged to establish by a preponderance of the evidence as a predicate for the desired recovery. Among these would be the damage issues. In other words Roever had the trial burden to prove and obtain findings that he did in fact sustain personal injuries as a result of the collision and/or damages to his property as a result. Of course he also had the burden to obtain a finding that Tommie Leon Delaney was guilty of one or more acts or omissions constituting a negligent tort which, furthermore, constituted a proximate cause or causes of the collision.

■ While the complete record brought forward on the appeal demonstrates without contradiction that Roever did sustain both personal injuries and property damage as result of the collision, the presumption is that the trial court, as the fact finder in the case, failed and refused to find any personal injury damages or any property damage to have resulted. Of this Roever has not complained by point of error.

In this case it is obvious that for the trial court to have found that Roever had failed to prove personal injuries and property damage to have resulted would have been so contrary to the greater weight and preponderance of the whole of the evidence in the case as to be clearly erroneous. The same situation is presented as would have been presented had there been a jury which failed and refused to find personal injuries and/or property damage to have resulted.

We have recently considered similar situations in instances where it was the jury which failed and refused to find damages for the plaintiff, but where on the appeal no point of error was presented raising the complaint of error because of the failure. Our holding has been that there has resulted a waiver of the error, if there was any, because of the jury's refusal to so find, unless there is complaint on appeal. An appellant complaining about matters constituting error, even if the complaints are justified (in that reversible error was thereby actually occasioned), can gain nothing from this court unless he furthermore shows he has sustained actual harm as a consequence, and that he has not waived his right to reversal because thereof. More explicitly, we have affirmed the judgments in the cases below on the theory that the plaintiff/appellant has not been harmed by a take nothing judgment against him because of circumstances by which he is presumed to have been found to have sustained no damages; and furthermore is before the court conceding that he has sustained no damages. As a plaintiff who has sustained no damages, or is not making a complaint because of a finding of "no damages", he would not have gained or lost anything no matter how the jury or other fact finder answered the liability issues. In other words, he is before the appellate court complaining of matters which occurred on trial, while at the same time conceding that he has suffered no harm. See *Mitchell v. Chaparral Chrysler-Plymouth*, 572 S.W.2d 359 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n. r. e.), and *Wooley v. West*, 575 S.W.2d 659 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n. r. e.).

While we hold that by the above explanation the judgment in the case is to be affirmed, it is furthermore one necessarily affirmed even if that was not the case.

In a rear-end collision case there is what might be visualized as a scale, at one end of which the circumstances are such that a defendant who runs his vehicle into the rear

of another (which is, or has been, proceeding in the same direction) is guilty of negligence amounting to proximate cause thereof absent any presentation of the defendant in explanation of excuse or justification. Moving toward the other end of the scale one reaches a point where the circumstances are such that, as a predicate for the plaintiff's recovery, he must obtain fact findings, by a preponderance of the evidence, that some act or omission by the defendant was negligence amounting to a proximate cause of the collision. This situation may in some cases result whether or not the defendant has presented explanation and excuse or justification by his own evidence. In the instant case neither defendant, either the principal or the agent, testified to anything material other than the fact of agency. Even that testimony was elicited by attorney for Roever when defendants were placed on the witness stand by him as adverse witnesses. Neither of the Delaneys was asked a single question by their own attorney.

█ Without going into the cases, we take occasion to observe that the circumstances of the instant occasion—where the parties were driving in the same direction on a freeway-type roadway and not approaching any point where there was any signal-light or stop or yield sign, etc.,—were such that Roever was obliged to obtain required fact findings of the Delaney negligence upon a preponderance of the evidence in order for him to be entitled to any judgment. In other words the circumstances were not such that the driver of the following vehicle would be negligent as a matter of law.

It is ordinarily true, as it was in this case, that the persons in the vehicle struck by the following vehicle know nothing about the actions or omissions on the part of the driver of the striking vehicle. Evidence on these usually comes wholly from the defendant himself. In the instant case defendant Tommie Leon Delaney was present and testified, but nothing was elicited from him relative to any act of omission or commission. No witness testified other than plaintiff and defendants.

It is true that during the course of Roever's testimony on direct examination he stated that at the scene of the collision he overheard something to the effect that prior to the time of the collision Delaney's truck was being driven at a speed of 40 miles per hour. Though attempted to be elicited from him that it was the fact Roever never did attribute the statement to Delaney. Even had Roever done so the question would have remained for the fact finder to decide whether such speed was negligence.

Of the acts and omissions charged in Roever's allegations of negligence by Delaney those material in the circumstances could only have been the Delaney failure to keep a proper lookout, failure to control the movements of his truck by slowing down or even stopping the same or turning it either to the right or left so as not to collide with the Roever pickup, or in following too closely behind the pickup when Roever slowed it down and brought it to a stop, or in driving at too rapid speed.

█ It is obvious from the remarks of the judge of the trial court immediately following the close of the case that the judgment rendered, as then announced, was because of the court's opinion that there was no evidence in support of Roever's allegations on negligence. We agree. Even if in this we err it would not mean that there would be any error in the judgment. The Delaneys are entitled to additional benefit by law in those tests applicable to the Roever appeal. There being no finding of fact to which there might be reference we must view the judgment as affirmatively supported by failure and refusal of the court, as fact finder, to believe that, by the preponderance of the evidence, Delaney had been guilty of any negligence, or in any event by negligence which amounted to proximate cause of the collision. On this we hold there was no failure or refusal to so find relative to negligence which was so contrary to the greater weight and preponderance of the evidence as to be clearly erroneous.

■ Even if it should be that we err in the opinion stated in the paragraph preceding there is further reason why Roever cannot be entitled to reversal even if he would be entitled thereto despite the failure to find on the damages. We will attempt to demonstrate.

We shall assume that in this case it is reasonable to conclude that the driver of the Delaney truck either failed to keep a proper lookout, or contrariwise was going too fast, following too closely, or otherwise negligent in failing to apply brakes, turn, etc., and that the negative findings against Roever by the trial court, in the one case or the other, was against the great weight and preponderance of the evidence. Upon such a hypothesis we nevertheless are rendered helpless by the evidence to order reversal of the judgment because we would be wholly unable to determine which of the (implied) findings of the trial court should be condemned.

Where such a situation exists, so that a Court of Civil Appeals, though considering some one or more of several findings—or refusal to find—to be contrary to the greater weight and preponderance of the evidence, yet cannot identify which one or ones of the number involved are proper to be thus condemned, the proper judgment of the court is one of affirmance. That, in any event and even if issues of negligence (amounting to proximate cause) were raised by the evidence in this case, is the situation which has resulted. We cannot segregate and condemn any particular finding of implied refusal to find.

On the matters immediately proceeding see the three opinions by which was established the law in such respect. *Hunt v. Parrish*, 324 S.W.2d 887 (Tex.Civ.App.—Waco 1959 no writ). There, upon the conclusion that there was error by the jury either in its refusal to find defendant to have been following too closely or in failure to keep a proper lookout was so contrary to the greater weight of the evidence as to be clearly wrong, the Court of Civil Appeals had reversed the trial court's take nothing judgment and reversed for another trial: followed by the Supreme Court's opinion in *Parrish v. Hunt*, 160 Tex. 378, 331 S.W.2d 304 (1960), in which it was held that the Court of Civil Appeals was obliged to determine which finding it was—i. e. either the negligent act or the omission—that was so contrary to the greater weight and preponderance of the evidence as to be clearly wrong and to require reversal—and remanded the case to that court to do so; followed by *Hunt v. Parrish*, 334 S.W.2d 505 (Tex.Civ.App.—Waco 1960, no writ), in which the Waco court held that since it could not determine which of the findings was so contrary to the greater weight, etc., the only thing possible to be done was to affirm the judgment of the trial court. See also *Pederson v. Scott*, 366 S.W.2d 260 (Tex.Civ.App.—Fort Worth, 1963, writ ref'd n. r. e.), where there were more issues than in the *Hunt v. Parrish* case, all of which the jury refused to find amounted to negligence. There this court, concluding that one or more, but not all, the findings were so contrary to the greater weight, etc. of the evidence, and concluding further that which it was—or were—something unable to be determined, stated that because of that inability of determination our judgment of affirmance would be compelled. However, in *Pederson* we went further and found that the judgment was to be affirmed because the jury had furthermore found that the acts and omissions to act charged against the defendant occurred when the defendant was acting in an emergency, pursuant to which he had acted as an ordinarily prudent person in the exercise of ordinary care in the same or similar circumstances. The approval of the Supreme Court, by its "n. r. e." stamp, actually meant that the Supreme Court held the application for writ of error by the party deeming himself aggrieved by our decision presented no error which required reversal; though the Supreme Court was not satisfied that our opinion in all respects correctly declared the law. Thus the approval by the Supreme Court could have been on either of our theories stated in the opinion to require our affirmance of the trial court.

There was another case in which the foregoing principle was considered. Therein was stated that the necessity, as predicate for reversal in such a situation, is that the Court of Civil Appeals must make a finding on the answers to a specific issue that such answer was contrary to the greater weight and preponderance of the evidence. *Ramirez v. Garcia*, 437 S.W.2d 363 (Tex.Civ. App.—Corpus Christi 1969, no writ).

Judgment is affirmed.