TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00008-CV






Secure Comm, Inc., Appellant



v.



Ronina Anderson, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 238349, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







 Appellee Ronina Anderson filed suit against her former employer, appellant Secure
Comm, Inc., for breach of contract, wrongful termination, detrimental reliance, and common-law
fraud. After a bench trial, the county court at law rendered judgment for Anderson in the amount
of $21,403.82 plus pre- and post-judgment interest and attorney's fees. The trial court did not
file findings of fact or conclusions of law, (1) and the judgment does not indicate on which of
Anderson's theories of recovery she prevailed. Secure Comm appeals arguing that the judgment
must be reversed because (1) Secure Comm had the right to terminate Anderson's employment
because Anderson was an at-will employee, or (2) in the alternative, the written agreement
between Anderson and Secure Comm does not constitute an enforceable contract because there
was no meeting of the minds. Secure Comm also complains that the trial court's damage
calculation was incorrect. We will affirm.

 Because the trial court did not file findings of fact and conclusions of law, "we
must assume it made all findings in support of its judgment." Pharo v. Chambers County, 922
S.W.2d 945, 948 (Tex. 1996). We necessarily imply findings of fact in favor of Anderson on
"every issue [she] was obligated to establish by a preponderance of evidence as a predicate for
the desired recovery." Roever v. Delaney, 589 S.W.2d 180, 181 (Tex. Civ. App.--Fort Worth
1979, no writ). Anderson pleaded four causes of action. The trial court did not specify in the
judgment his basis for ruling in favor of Anderson. Thus, the court impliedly found that Secure
Comm is liable under every theory--breach of contract, wrongful termination, common-law fraud,
and detrimental reliance. See Johnson v. Coggeshall, 578 S.W.2d 556, 560 (Tex. Civ.
App.--Austin 1979, no writ) (where trial court did not file findings or conclusions, trial court
impliedly found for plaintiff on both grounds pleaded).

 On appeal, Secure Comm attacks only two of the possible bases of recovery-- breach
of contract and wrongful termination. Secure Comm does not complain of the two other possible
grounds of recovery--common-law fraud or detrimental reliance. "Where a judgment may rest
upon more than one ground, the party aggrieved by the judgment must assign error to each ground
or the judgment will be affirmed on the ground to which no complaint is made. In such situations
it is said that the appellant has waived his right to complain of the ruling to which no error was
assigned." Johnson, 578 S.W.2d at 560.

 In Johnson, the plaintiffs pleaded two possible grounds for venue. See id. at 559. 
The trial court denied the defendants' objections to venue. See id. at 558. On appeal, however,
the defendants attacked only one of the two possible venue grounds. See id. at 560. This Court
affirmed, holding that unless an appellant complains about each possible ground upon which
appellee could have prevailed, the judgment would be affirmed. See id.

 The court in Roever affirmed a trial-court judgment for similar reasons. See 589
S.W.2d at 182. Because the trial court did not file findings of fact and conclusions of law, the
court of appeals presumed all findings were made in favor of the prevailing party, the defendant. 
See id. And although the record affirmatively showed that the plaintiff was injured and had
suffered damages, because the plaintiff did not complain on appeal that the trial court erred in
finding that he was not injured, the plaintiff waived any error, and the judgment was affirmed. 
See id.

 Secure Comm does not attack the trial court's implied findings in favor of Anderson
on common-law fraud and detrimental reliance. Thus, Secure Comm has waived any possible
error the trial court may have made in ruling for Anderson on those grounds. See Johnson, 578
S.W.2d at 560; Roever, 589 S.W.2d at 182. Because Secure Comm does not complain on appeal
about all possible bases for the judgment, the trial court's determination of liability is affirmed. 
See Johnson, 578 S.W.2d at 560; Roever, 589 S.W.2d at 182; see also In re W.E.R., 669 S.W.2d
716, 716 (Tex. 1984) (citing Lassiter v. Bliss, 559 S.W.2d 353 (Tex. 1977)) (where trial court
did not file findings or conclusions, judgment must be affirmed if it can be upheld on any legal
theory that finds support in evidence); 6 McDonald & Carlson Texas Civil Practice §18.13, at 527
(Elaine Grafton Carlson ed., 1998 ed.) (if trial court fails to file findings and conclusions,
defendant/appellant should look to pleadings and "assume that the trial court found in favor of
each element of all affirmative claims . . . and should attack those presumed findings
accordingly"). Because the trial court's judgment will be affirmed on Anderson's detrimental
reliance and common-law fraud causes of action, we need not address Secure Comm's first two
issues that attack the judgment only with regard to Anderson's breach of contract and wrongful
termination claims. See Tex. R. App. P. 47.1.

 In its third issue, Secure Comm argues that the "proper measure of damages for
wrongful termination is the present cash value of the contract less any amounts that the employee
should . . . have been able to earn through other employment." (2) Secure Comm asserts that
Anderson's recovery is limited to $9000. The position from which she was terminated paid $2500
per month. Anderson alleged that Secure Comm guaranteed her employment for one year at a
guaranteed salary of $2500 per month; she was fired with about nine months left on the alleged
contract. Secure Comm argues that there was evidence that Anderson was offered employment
with Secure Comm for $1500 per month after she was terminated; thus she is entitled to only nine
times $1000, the difference between $2500 and $1500. However, Anderson testified that after
informing her that she was no longer going to be paid $2500 per month, Secure Comm offered her
a position with no guaranteed salary, only the possibility of commissions. Under Anderson's version
of events, which we take as true, see Benoit v. Wilson, 239 S.W.2d 792, 797 (Tex. 1951), the trial
court did not err in his calculation of damages even if the court based his judgment on Anderson's
wrongful-termination allegations. Secure Comm's third issue is overruled.

 The trial court's judgment is affirmed.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Smith and Yeakel

Affirmed

Filed: April 27, 2000

Publish

1.   Secure Comm properly requested findings of fact and conclusions of law and gave timely
notice that they were past due. See Tex. R. Civ. P. 296, 297. However, it does not complain
on appeal of the trial court's failure to file findings and conclusions. 
2.   We note that the damage award could have been based on any one of the four causes of
action pleaded by Anderson.


ts attacked only one of the two possible venue grounds. See id. at 560. This Court
affirmed, holding that unless an appellant complains about each possible ground upon which
appellee could have prevailed, the judgment would be affirmed. See id.

 The court in Roever affirmed a trial-court judgment for similar reasons. See 589
S.W.2d at 182. Because the trial court did not file findings of fact and conclusions of law, the
court of appeals presumed all findings were made in favor of the prevailing party, the defendant. 
See id. And although the record affirmatively showed that the plaintiff was injured and had
suffered damages, because th