**SECURE COMM, INC., Appellant,**

v.

**Ronina ANDERSON, Appellee.**

No. 03–99–00008–CV.

Court of Appeals of Texas, Austin.

Nov. 9, 2000.

Rehearing Overruled Dec. 7, 2000.

Harvey F. Cohen, Austin, for appellant.

J. Luke Dow, Austin, for appellee.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and YEAKEL.

LEE YEAKEL, Justice.

We withdraw our opinion and judgment of April 27, 2000, and substitute the following opinion.

Appellee Ronina Anderson filed suit against her former employer, appellant Secure Comm, Inc., for breach of contract, wrongful termination, detrimental reliance, and common-law fraud. After a bench trial, the county court at law rendered judgment for Anderson in the amount of $21,403.82 plus pre- and post-judgment interest and attorney's fees. The trial court did not file findings of fact or conclusions of law,[1] and the judgment does not indicate on which of Anderson's theories of recovery she prevailed. Secure Comm appeals arguing that the judgment must be reversed because (1) Secure Comm had the right to terminate Anderson's employment because Anderson was an at-will employee, or (2) in the alternative, the written agreement between Anderson and Secure Comm does not constitute an enforceable contract because there was no meeting of the minds. Secure Comm also complains that the trial court's damage calculation was incorrect. We will affirm.

Because the trial court did not file findings of fact and conclusions of law, "we must assume it made all findings in support of its judgment." *Pharo v. Chambers County,* 922 S.W.2d 945, 948 (Tex. 1996). We necessarily imply findings of fact in favor of Anderson on "every issue [she] was obligated to establish by a preponderance of evidence as a predicate for the desired recovery." *Roever v. Delaney,* 589 S.W.2d 180, 181 (Tex.Civ.App.—Fort Worth 1979, no writ). Anderson pleaded four causes of action. The trial court did not specify in the judgment his basis for ruling in favor of Anderson. Thus, the court impliedly found that Secure Comm is liable under every theory—breach of contract, wrongful termination, common-law fraud, and promissory estoppel.[2] *See Johnson v. Coggeshall,* 578 S.W.2d 556, 560 (Tex.Civ.App.—Austin 1979, no writ) (where trial court did not file findings or conclusions, trial court impliedly found for plaintiff on both grounds pleaded).

On appeal, Secure Comm attacks only two of the possible bases of recovery—breach of contract and wrongful termination. Secure Comm does not complain of the two other possible grounds of recovery—common-law fraud or promissory estoppel. "Where a judgment may rest upon more than one ground, the party aggrieved by the judgment must assign

---

1. Secure Comm properly requested findings of fact and conclusions of law and gave timely notice that they were past due. *See* Tex. R.Civ.P. 296, 297. However, it does not complain on appeal of the trial court's failure to file findings and conclusions.

2. In the trial court, appellee pleaded "detrimental reliance." This Court will interpret such pleading as asserting a cause of action for promissory estoppel. Courts have broad discretion when interpreting pleadings so long as the interpretation is "reasonable and consistent with the nature and character of the pleading at issue." *In re Bokeloh,* 21 S.W.3d 784, 790 (Tex.Civ.App.—Houston [14th Dist.] 2000, no pet. h.). Detrimental reliance is one element of promissory estoppel. *See English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983).

error to each ground or the judgment will be affirmed on the ground to which no complaint is made. In such situations it is said that the appellant has waived his right to complain of the ruling to which no error was assigned." *Johnson*, 578 S.W.2d at 560.

In *Johnson*, the plaintiffs pleaded two possible grounds for venue. *See id.* at 559. The trial court denied the defendants' objections to venue. *See id.* at 558. On appeal, however, the defendants attacked only one of the two possible venue grounds. *See id.* at 560. This Court affirmed, holding that unless an appellant complains about each possible ground upon which appellee could have prevailed, the judgment would be affirmed. *See id.*

The court in *Roever* affirmed a trial-court judgment for similar reasons. *See* 589 S.W.2d at 182. Because the trial court did not file findings of fact and conclusions of law, the court of appeals presumed all findings were made in favor of the prevailing party, the defendant. *See id.* And although the record affirmatively showed that the plaintiff was injured and had suffered damages, because the plaintiff did not complain on appeal that the trial court erred in finding that he was not injured, the plaintiff waived any error, and the judgment was affirmed. *See id .*

■■■ Secure Comm does not attack the trial court's implied findings in favor of Anderson on common-law fraud and promissory estoppel. Where, as here, a reporter's record is brought forward, the trial court's implied findings "may be challenged by factual sufficiency and legal sufficiency points the same as jury findings or a trial court's findings of fact." *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). Secure Comm has not presented issues challenging the factual and legal sufficiency of the trial court's implied findings supporting Anderson's common-law-fraud and promissory-estoppel causes of action. Thus, Secure Comm has waived any possible error the trial court may have made in ruling for Anderson on those grounds. *See Johnson*, 578 S.W.2d at 560; *Roever*, 589 S.W.2d at 182. Because Secure Comm does not complain on appeal about all possible bases for the judgment, the trial court's determination of liability is affirmed. *See Johnson*, 578 S.W.2d at 560; *Roever*, 589 S.W.2d at 182; *see also* 6 *McDonald & Carlson Texas Civil Practice* § 18.13, at 527 (Elaine Grafton Carlson ed., 1998 ed.) (if trial court fails to file findings and conclusions, appellant should look to pleadings and "assume that the trial court found in favor of each element of all affirmative claims ... and should attack those presumed findings accordingly"). Because the trial court's judgment will be affirmed on Anderson's promissory-estoppel and common-law-fraud causes of action, we need not address Secure Comm's first two issues that attack the judgment only with regard to Anderson's breach-of-contract and wrongful-termination claims. *See* Tex.R.App.P. 47.1.[3]

■■■ In its third issue, Secure Comm argues that the "proper measure of damages for wrongful termination is the present cash value of the contract less any amounts that the employee should ... have been able to earn through other employment."[4] Secure Comm asserts that Anderson's recovery is limited to $9000.

3. This Court recognizes that promissory estoppel and breach of contract may be mutually exclusive causes of action. *See Boy Scouts of America v. Responsive Terminal Sys., Inc.*, 790 S.W.2d 738, 742 n. 1 (Tex.App.—Dallas 1990, writ denied) (citing *Fretz Constr. Co. v. Southern Nat'l Bank*, 600 S.W.2d 878, 880 (Tex.Civ.App.—Houston [1st Dist.] 1980), *rev'd on other grounds*, 626 S.W.2d 478 (Tex. 1981)). However, because there are no findings of fact and conclusions of law, the record

is not clear under which of Anderson's four claims the trial court rendered judgment. *See Wheeler v. White*, 398 S.W.2d 93, 97 (Tex. 1965) (plaintiff could recover on promissory-estoppel theory when pleaded as alternative to breach of contract).

4. We note that the damage award could have been based on any one of the four causes of action pleaded by Anderson.

The position from which she was terminated paid $2500 per month. Anderson alleged that Secure Comm guaranteed her employment for one year at a guaranteed salary of $2500 per month; she was fired with about nine months left on the alleged contract. Secure Comm argues that there was evidence that Anderson was offered employment with Secure Comm for $1500 per month after she was terminated; thus she is entitled to only nine times $1000, the difference between $2500 and $1500. However, Anderson testified that after informing her that she was no longer going to be paid $2500 per month, Secure Comm offered her a position with no guaranteed salary, only the possibility of commissions.

Under Anderson's version of events, which we take as true, *see Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792, 797 (1951), the trial court did not err in his calculation of damages even if the court based his judgment on Anderson's wrongful-termination allegations. Secure Comm's third issue is overruled.

The trial court's judgment is affirmed.