# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00045-CV

**Hubert Warren, Appellant**

**v.**

**Sharon Keller, Lawrence E. Meyers, Tom Price, Paul Womack, Cheryl Johnson,**
**Mike Keasler, Barbara P. Hervey, Charles R. Holcomb and Cathy Cochran, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-10-012757, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Hubert Warren, an inmate at a state correctional facility, filed a pro se, in forma pauperis "tort claim" lawsuit against Sharon Keller, Lawrence E. Meyers, Tom Price, Paul Womack, Cheryl Johnson, Mike Keasler, Barbara P. Hervey, Charles R. Holcomb and Cathy Cochran, all current or former Texas Court of Criminal Appeals judges. Warren alleges that he was erroneously convicted of aggravated assault on a police officer based on an invalid indictment or invalidly amended indictment. Due to the alleged deficiency in the indictment, Warren asserts that the Texas Court of Criminal Appeals acted without jurisdiction in affirming his conviction. Warren seeks significant damages for wrongful incarceration.

Shortly after the lawsuit was filed, the trial court dismissed the suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002). The court concluded that Warren's claim is frivolous or malicious,

holding that (1) Warren's claim has no chance of ultimate success on the merits and is not rationally arguable, (2) there are no facts that he can prove that would support his claim, and (3) the claim is substantially similar to previous claims Warren made on direct appeal in his criminal case and in a federal habeas corpus proceeding. *See id.* § 14.003.

On appeal, Warren challenges neither the trial court's determination that his lawsuit is frivolous or malicious nor the court's holdings underlying that determination. Therefore, any substantive challenges to the trial court's dismissal order are waived. *See Secure Comm, Inc. v. Anderson*, 31 S.W.3d 428, 430-31 (Tex. App.—Austin 2000, no pet.) (holding that appellant waives right to complain of ruling to which no error was assigned). Instead, in a single issue, Warren appears to contend that the dismissal order was procedurally improper because it was made on the trial court's own motion without the defendants' answer on file. This argument is without merit because Chapter 14 specifically authorizes trial courts to dismiss frivolous or malicious inmate litigation before service of process. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 ("A court may dismiss a claim, either before or after service of process, if the court finds that . . . the claim is frivolous or malicious . . . .").

To the extent Warren contends that he was entitled to a default judgment before the trial court dismissed the case because the defendants failed to timely file an answer, that claim is also without merit for at least two reasons. First, no default judgment could be taken because there was no citation with the officer's return on file when the case was dismissed. *See* Tex. R. Civ. P. 239 (governing default judgments). Second, even assuming the defendants were properly served with citation on the day Warren's lawsuit was received by the County Court, December 14, 2010, the deadline to file an answer would not have passed at the time the dismissal order was executed on

2

January 4, 2011.  *See* Tex. R. Civ. P. 99(b) (deadline to file answer is 10:00 a.m. on Monday after expiration of 20 days after service of citation).

Warren's sole appellate issue is overruled, and the district court's order of dismissal is affirmed.  Warren's motion for writ of replevin pursuant to Federal Rule of Civil Procedure 55(a) is dismissed as moot.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   October 26, 2011

3