LUCKENBACH OVERSEAS CORPORA-
TION, Appellant,

v.

Charles D. PENLAND, Appellee.

No. 249.

Court of Civil Appeals of Texas.

Tyler.

Dec. 15, 1966.

Rehearing Denied Jan. 5, 1967.

J. P. Forney, Eastham, Watson, Dale & Forney, Houston, for appellant.

Bill J. Sanders, James W. Mehaffy, Jr., Keith, Mehaffy & Weber, Beaumont, for appellee.

SELLERS, Justice.

Charles D. Penland brought this suit to recover damages for personal injuries against Luckenbach Overseas Corporation and the unseaworthiness of its vessel, the S. S. Audrey J. Luckenbach, as well as to recover maintenance and cure. The trial was to a jury and upon the jury's answer to special issues, the Court denied Penland any recovery based upon his claim of negligence, and no appeal from this part of the judgment is brought forward.

The jury found, among other issues, that Penland had not reached his maximum recovery from medical treatment and that he would reach his maximum recovery in 839 days, and the Court entered judgment for Penland for the sum of $6,712.00, this amount arrived at by using the agreed figure of Eight Dollars per day as maintenance. Defendant moved the Court to disregard the jury's verdict above referred to and to enter judgment non obstante veredicto for the defendant. This motion being overruled, the defendant has duly prosecuted this appeal.

Appellant has many assignments of error, but Appellee in his Brief makes this statement with which we agree:

"This entire appeal raises only two basic points. These points are:

"(1) Was the Appellee, Charles D. Penland, entitled to recover maintenance even though he had been discharged from the USPHS and given a fit-for-duty slip?; * * *"

The view we take of the first question makes it unnecessary to set out the second issue. We are of the opinion that this record shows that appellee was discharged from the hospital as "fit for duty" and the jury so found in answer to issues submitted to it. Appellee went back to sea on numerous occasions and on different boats, and on each trip he had to take a physical examination before sailing and he passed each time. It is further shown that appellee did not ask for, nor did he receive, any treatment, after he left the hospital, which was calculated to perfect a cure of his eleventh rib. In fact, the doctor who testified on this trial said there was no treatment that would aid his recovery. It is true that the doctor testified that an operation might relieve the pain which he was experiencing. Because of this opinion of the doctor, it was the doctor's testimony that appellee had not reached his maximum recovery. The fact remains that appellee has not had the operation and has not agreed to have one in the future.

Under the facts of this case, it is our opinion that appellee was not entitled to maintenance and cure benefits after he left the hospital with a "fit for duty" discharge which he received on January 1, 1963. The rule that fits this case is announced in Carroll v. Moran Towing & Transportation Co., Inc., 9 Cir., 88 F.2d 144, as follows:

" * * * In the absence of any showing on the part of the appellant that he

had medical treatment and care after he was discharged from the hospital he is not entitled to recover for that period, * * *".

Appellee contends that this case is controlled by the case of Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88. We do not believe the facts of the Vaughan case are in any way analogous to appellee's situation in the case under consideration. The big difference is that in the Vaughan case, the patient asked for his discharge from the hospital so he could go to work and make a living when he was not, in fact, cured. In our case, the jury found that appellee was, in fact, "fit for duty" when he left the hospital and appellee actually went back to sea on a number of different ships.

In fact, we regard the Vaughan case as stating the correct rule of law, when it held:

"Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery. * * *".

The judgment of the trial court will be reversed and judgment here rendered for forty-five (45) days maintenance, which covers the time that appellee was an outpatient, the same being the sum of THREE HUNDRED SIXTY AND NO/100 ($360.-00) DOLLARS.

We do not pass upon the question of appellant's liability in the event appellee should have an operation to relieve his pain which was suggested by his doctor.

What we have said renders it unnecessary to discuss the other point raised on this appeal.