Ray LEWIS, Appellant,

v.

ISTHMIAN LINES, INC., Appellee.

No. 83.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 6, 1968.

894

---

Newton B. Schwartz, Gary F. Wanzong, Houston, for appellant.

John P. Forney, Jr., Eastham, Watson, Dale & Forney, Houston, for appellee.

TUNKS, Chief Justice.

This is a suit under the provisions of 46 U.S.C.A. Sec. 688, the "Jones Act." The plaintiff, appellant here, sought recovery of damages for alleged personal injuries sustained by him while a member of the crew of a vessel owned and operated by the defendant, appellee here. The plaintiff also sought recovery for maintenance.

At the close of the testimony the defendant argued to the court that the plaintiff had failed to make a case on that part of his claim related to maintenance and the trial court sustained that contention. The judgment recites that the trial court rendered judgment on an instructed verdict on the issues of maintenance, although this does not appear, from the record, to be exactly what occurred. The issues relating to the defendant's liability for damages at law were submitted to the jury and were answered favorably to the defendant. On the issues of damages the jury found that the plaintiff sustained a personal injury but answered "None" in response to the issue as to the amount of damage caused by that injury.

The trial court rendered judgment for the defendant. Plaintiff's motion for new trial was overruled and he has appealed.

We affirm the judgment of the trial court.

Since the jury found that the plaintiff sustained no damage from his injury, errors, if there were any, as to the issues on liability were immaterial and harmless unless the finding of no damage be set aside. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334; LeCompte v. Sanders, Tex.Civ.App., 378 S.W.2d 861, err. ref., n.r.e.; Wilkinson v. Chambers, Tex.Civ.App., 205 S.W.2d 639, n.w.h. Those cases are holdings to the effect that errors in findings of no damage are not harmful where other findings show no liability. On the reasoning of those cases, we hold that the errors here, if any, on the findings of no liability are harmless where, as here, there is an unchallenged finding of no damages.

We treat this jury's finding of no damage as unchallenged because it was not challenged by any proper assignment of error in the plaintiff's motion for new trial. The paragraph of that motion for new trial which appellant here contends challenged the jury's finding on the damage issue is as follows:

"The verdict is contrary to the evidence in that the undisputed evidence shows that there were no set screws holding the blower element of the flange in the No. 8 soot blower just before the occurrence in question on August 7, 1965. The verdict, including the answers of Special Issues 1 and 10, were so contrary to the overwhelming preponderance and weight of the evidence as to be manifestly unjust and wrong."

The Special Issues 1 and 10 referred to in that language are liability issues. The general language that the verdict is contrary to the weight of the evidence has no such specific reference to the finding of no damage as to constitute a proper assignment of error so as to preserve that error, if any. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887; Rule 324 and 374, Texas Rules of Civil Procedure.

We further note that there is no point of error in appellant's brief which relates to

the jury's finding of no damages. For this reason, too, the verdict in this respect is final, so that any error in the verdict on the liability issues would be harmless. Holzapfel v. Brueggman, Tex.Civ.App., 404 S. W.2d 916, err. ref., n.r.e.; Rule 374 and 434, T.R.C.P.

Appellant next points to the alleged error in ruling that plaintiff had failed to show that he was entitled to recover on his claim for maintenance and "in failing to grant the requested instruction on said issues."

■ If there were any such requested instructions, or issues either, refused by the trial court, they were not included in the record before us. Since there is nothing in the record showing any request by the plaintiff for special issues as to his cause of action for maintenance, he was waived that right of recovery, if any he had. Neuhoff Bros. Packers, Inc. v. McCauley, Tex.Civ. App., 399 S.W.2d 929, err. ref., n.r.e.; Cross v. Everybodys, Tex.Civ.App., 357 S.W.2d 156, err. ref., n.r.e.; Rule 276, T.R.C.P.

We are further of the opinion that there was no evidence raising an issue for the jury as to the plaintiff's claim for maintenance. The accident from which he sustained his alleged injury occurred on August 7, 1965. The defendant furnished him treatment in India and then transported him to Houston, Texas, by air. In Houston, he was treated by the U. S. Public Health Service as an out-patient until he was found fit for duty on November 4, 1965. He was paid his maintenance until that date. The plaintiff did not again see a doctor until October, 1966. The doctor he then saw told him he might get some relief from his complaint of pain if he would have treatment in the nature of physical therapy. The plaintiff did not take such therapy. In February, 1967, the plaintiff saw an orthopedic surgeon who gave him medication designed to relieve pain and discomfort. As to the character of that treatment, the orthopedic surgeon, who was called as a witness by the plaintiff, testified as follows:

"Question: This treatment you gave him was of a palliative nature, not curative?

"Answer: To provide relief of pain and soreness.

"Question: It was not to cure his condition?

"Answer: Not in the specific sense, no."

■ One who is injured or becomes ill while serving as a seaman is entitled to maintenance and cure during that period of time in which he is suffering from a curable disability and obtaining curative treatment therefore. This is a right in addition to and apart from his right to recover damages for negligence. That right ceases, however, when the seaman has reached his maximum recovery or ceases to avail himself of curative treatment. A continuation of treatment does not continue the right to maintenance if that treatment is palliative, only, as distinguished from curative treatment. Farrel v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850; Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Rofer v. Head & Head, Inc., 5th Cir., 226 F.2d 927; Ryan v. U. S. Lines Co., 2d Cir., 303 F.2d 430; Stanovich v. Jurlin, 9th Cir., 227 F.2d 245; Desmond v. United States, 217 F.2d 948; Luckenbach Overseas Corp. v. Penland, Tex.Civ.App., 409 S.W. 2d 933, writ ref., n.r.e. The evidence here showed conclusively that the plaintiff received no curative treatment after he was declared fit for duty by the U.S.P.H.S. on November 4, 1965. Under those circumstances, it was proper for the trial court to refuse to submit the plaintiff's requested special issues, if any, relating to his claim for maintenance. He was paid his maintenance to that date and was entitled to none thereafter.

The judgment of the trial court is affirmed.

Affirmed.