Hardy MITCHELL, Appellant,

v.

CHAPARRAL CHRYSLER–PLYMOUTH SALES, INC., Appellee.

No. 18051.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 14, 1978.

Rehearing Denied Oct. 26, 1978.

John Wright & Associates and Henry J. Voegtle III, Grand Prairie, for appellant.

Kelly & Walker and Jearl D. Walker, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

Hardy Mitchell sued Chaparral Chrysler-Plymouth Sales, Inc., for damages from personal injuries sustained when his automobile fell on him. Mitchell alleged that the defective condition of the bumper jack included in the automobile sold to him caused the accident. Mitchell appealed the take-nothing judgment based on the jury verdict.

We affirm.

The case was submitted to the jury on special issues. The jury found that Mitchell sustained no damages from his injuries. In his brief, Mitchell states that no damages were found but fails to assign error to the finding. In his first amended motion for new trial Mitchell does allege that the jury's verdict is contrary to the weight of the evidence.

Mitchell alleges that the trial court erred in answering three questions submitted to the court by the jury during deliberation, and in making a comment to the jury concerning its questions. He claims the answers and comment were improper comments on the weight of the evidence. He also alleges the court erred in failing to include his requested instructions on warning in its jury charge.

We conclude that since Mitchell failed to properly raise a point of error on the jury's finding of no damages, error, if any, in the court's answers and comment, and its failure to include the requested instructions is immaterial and harmless.

*Lewis v. Isthmian Lines, Inc.,* 425 S.W.2d 893 (Tex.Civ.App.—Houston (14th Dist.) 1968, no writ), holds that where there is no point of error on the jury's finding of no damages, any error in the verdict on liability issues is harmless. Here, Mitchell has not properly raised any point of error on the damage issue. The only assignment

of error that can possibly be construed to relate to damages is in Mitchell's first amended motion for new trial. There he alleged only that the verdict was contrary to the weight of the evidence. Even if this sufficiently refers to damages, it is too general to properly raise a point of error.

■ Assignments of error couched in general terms will not be considered. *Murphy v. Maroney*, 456 S.W.2d 787 (Tex.Civ. App.—Waco 1970, writ ref'd n. r. e.), Tex.R. Civ.P. 321, 322. Each ground of error in a motion for new trial must raise the point so it can be clearly understood by the court. The court should not have to speculate about what is assigned as error. Therefore, Mitchell has not properly raised any point of error on damages.

After analyzing appellant's points of error, we conclude that all points relate to liability. The questions answered by the court and the comment made, to which appellant assigns error, concerned the testimony of a witness who tested the bumper jack for defects. The jury asked whether the witness had described the condition of the jack using certain words. Mitchell also claims the court erred in failing to include his requested instructions. The instructions requested were on warning. Clearly, the condition of the bumper jack, what warning appellant was entitled to, and any errors thereon relate to liability.

■ Where there is an undisputed finding of no damages, error, if any, on a liability issue is harmless. Since all of Mitchell's points of error relate to liability and he failed to properly raise a point of error on damages, we need not consider them. However, we have considered each point of error and each is overruled. Therefore, we affirm the judgment of the trial court.