Clairece WOOLEY et vir., Appellant,

v.

Dr. Raymond J. WEST and Orthopedic Associates, Appellees.

No. 18035.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 21, 1978.

Rehearing Denied Jan. 25, 1979.

Wilson, Berry, Jorgenson & Fuqua, Ken W. Fuqua, Dallas, for appellant.

Simon, Pebbles, Haskell, Gardner & Betty and Richard U. Simon, Jr. and Anne Gardner, Fort Worth, for appellees.

## OPINION

SPURLOCK, Justice.

Medical malpractice case. Patient sued her orthopedic surgeon for damages from alleged negligence in performing a laminectomy. The jury in its answers to special issues failed to find negligence *or* damages. Therefore error, if any, in the court's judgment is harmless since Mrs. Wooley complains only about the lack of liability findings in her favor.

Affirmed.

Dr. Raymond West performed back surgery on Clairece Wooley to remove a ruptured disc and to fuse the spinal column at the L-5 level. Complications arose during the procedure, including excessive bleeding and the loss of a portion of a cottonoid sponge. Dr. West searched for the missing piece of sponge for approximately one and one-half hours but abandoned his search on the advice of the anesthesiologist that to continue would endanger Mrs. Wooley's life.

Shortly after surgery, Mrs. Wooley developed partial loss of bladder and bowel control. The loss has since improved somewhat with time. She also developed what is commonly known as a "foot drop". She is unable to elevate her right foot. This means her foot drags when she attempts to walk and she is unable to do so without the assistance of some device. This condition has been diagnosed as permanent. She also complained of severe back pain.

A second operation was performed on Mrs. Wooley's back by Dr. Marvin Overton. He removed the piece of cottonoid lost in the first procedure. He discovered bone chips in the dura and that the L-5 nerve had been almost completely severed. Dr. West admitted unintentionally nicking the dura during the laminectomy. However, he stated he did not believe he severed the L-5 nerve but could not be certain he did not.

The trial court submitted the case to the jury on special issues. By their answers the jury failed to find Dr. West negligent in failing to retrieve the piece of cottonoid, in performing the fusion after the cottonoid was lost, or in opening the dura. They found that he had allowed bone chips to enter the dura and that he partially severed the L-5 nerve but failed to find either was negligence. Special issues 9–12 asked what amounts of money from a preponderance of the evidence would reasonably compensate Mrs. Wooley for her injuries. The jury's answer to each damage issue was "$0", therefore they found no damages.

On appeal Mrs. Wooley asserts seven points of error. They are as follows:

"I. The trial court erred in its instructions on Dr. West's duty, for the reason that said instruction was an impermissible comment on the weight of the evidence.

"II. The trial court erred in refusing to instruct the jury on res ipsa loquitur.

"III. The trial court erred in excluding testimony on the 'conspiracy of silence.'

"IV. The trial court erred in refusing to declare Dr. Marvin Overton a hostile witness.

"V. The trial court erred in refusing to submit to the jury an issue on Dr. West's failure to obtain a consulting opinion.

"VI. The trial court erred in refusing plaintiffs' trial amendment on Dr. West's failure to obtain a consulting opinion.

"VII. The jury's answer to special issue no. 7 is against the great weight and preponderance of the evidence."

After carefully analyzing each point, we conclude that none of them in any manner attacks the findings of no damages. Instead, each point presents a complaint relating to liability or evidence thereof. Where there is no point on the jury's finding of no damages, error, if any, on liability issues is harmless. *Lewis v. Isthmian Lines, Inc.,* 425 S.W.2d 893 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). *Mitchell v. Chaparral Chrysler-Plymouth,* 572 S.W.2d 359 (Tex.Civ.App.—Fort Worth 1978, writ application pending).

Since we have concluded that all of Mrs. Wooley's points of error relate to liability, and she failed to raise a point on damages, we need not consider any of her points. However, we have, nevertheless, severally

considered each point of error presented in complaint of the judgment and each is overruled.

The judgment of the trial court is affirmed.