**J. W. CRAIN, Appellant,**

v.

**HILL COUNTY, Texas, Appellee.**

**No. 6249.**

Court of Civil Appeals of Texas, Waco.

March 5, 1981.

Rehearing Denied April 2, 1981.

Frank Beard, Beard & Kultgen, Waco, for appellant.

Roy L. Barrett and Beverly Willis, Naman, Howell, Smith, Lee & Muldrow, P.C., Waco, for appellee.

HALL, Justice.

In March 1978, plaintiff-appellant J. W. Crain was driving his pickup truck on a public county gravel road owned and maintained by defendant-appellee Hill County, Texas, when the front of the truck fell into a washout which spanned the full width of the roadway across the top of a culvert where the road crossed over a creek. The washout was caused by flood waters resulting from a rain during the night prior to the accident which flowed over the culvert and washed away the roadbed. Plaintiff was the first person to travel the road after the washout.

Plaintiff alleged that he sustained injuries to his back, neck, head, and buttocks in the accident; that these injuries produced headaches, neck pain, back pain, and a hematoma in the buttocks area; and that the pain is continuing. He alleged that as the result of the accident he "has been damaged in the amount of $250,000.00 for past and present suffering; past, present, and future loss of wages; past, present, and future physical damages to his motor vehicle; and for medical expenses."

Plaintiff pleaded that the following acts of negligence by defendant were the proximate cause of his injuries:

1. Failure to properly maintain and repair the culvert.
2. Failure to properly warn the public of the condition of the culvert.
3. Failure to properly build and design the culvert to accommodate the maximum rainfall intensity in the area.
4. Failure to provide erosion control at the site of the culvert.
5. Failure to provide passage for floating debris through the culvert.
6. Failure to design and build the culvert to accommodate the flow of water to be expected at the site of the culvert.

Plaintiff prayed for judgment in the amount of $250,000.00.

Defendant answered with a general denial, with allegations of causal negligence by plaintiff, and with the plea of governmental immunity.

Defendant prayed for judgment that plaintiff take nothing.

The case was tried to a jury. In its answers to the special issues the jury failed to find that defendant knew, or in the exercise of ordinary care should have known, prior to the accident, that the washout existed in the road; found that the accident was proximately caused by plaintiff's negligence; and answered "none" to all of plaintiff's damage issues.

Judgment was rendered on the verdict that plaintiff take nothing. Plaintiff brought this appeal.

The culvert in question was constructed by defendant in 1965 or 1966. It replaced a wooden bridge which had deteriorated. The provision in the culvert for the flow of creek water is a metal "horn" seven feet in diameter. The bridge provided substantially more space than the horn for water flow.

On the trial, plaintiff offered expert testimony to the effect that defendant failed to design and build the culvert within proper and necessary principles of engineering which would have prevented the washout in question. On defendant's objection, the trial court excluded this proof from the jury. In his single point of error, plaintiff assigns error to this ruling. The propriety of the ruling is the basic issue briefed by the parties, but we do not reach that question.

There are no stipulations of record that plaintiff suffered any damages. The damage issues submitted to the jury dealt only with plaintiff's alleged personal injuries. They inquired about plaintiff's past and future physical pain and mental anguish, past loss of earnings, future loss of earning capacity, and necessary medical expenses. The jury's answers of "none" to all of these issues are not challenged on appeal.[1] They are therefore final, and the parties and we are bound by them. *Rancho Camille, S.A. v. Beachum*, 596 S.W.2d 632, 638 (Tex.Civ.App.—Waco 1980, no writ). The evidence did not conclusively establish that plaintiff's pickup truck was damaged, no proof of monetary sums in that regard was adduced, and no issues relating to that question were submitted to the jury or requested. Accordingly, plaintiff's claim for property damage was waived. Rule 279, Vernon's Tex.Rules Civ.Proc.; *Ormsby v. Ratcliffe*, 117 Tex. 242, 1 S.W.2d 1084, 1085 (1928); *Chernoff v. Chernoff Bros., Inc.*, 597 S.W.2d 24, 27 (Tex.Civ.App.—Waco 1980, no writ).

Plaintiff's tendered proof that the culvert was defectively designed related only to the question of whether defendant caused the accident; it did not bear upon the question of plaintiff's damages. Because plaintiff did not establish that he suffered any damages, the take-nothing judgment against him was correct whether or not the washout was caused by defendant. Therefore, even if the court's exclusion of plaintiff's evidence of defective design was error (a question we do not decide), it was harmless error. Rule 434, Vernon's Tex.Rules Civ.Proc.; *Lewis v. Isthmian Lines, Inc.*, 425 S.W.2d 893, 895 (Tex.Civ. App.—Houston [14th Dist.] 1968, no writ). Cf. *Boatland of Houston, Inc. v. Bailey*, (Tex.1980) 609 S.W.2d 743, 750.

The judgment is affirmed.

---

1. We notice as an aside that the jury's answers were amply supported by the evidence.