Arthur Lee HOWARD, Jr., Appellant,

v.

FABERGE, INCORPORATED, et al., Appellees.

No. 01–83–0649–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 13, 1984.

Rehearing Denied Oct. 11, 1984.

Robert J. Malone, Charles M. Price, Fisher, Gallagher, Perrin & Lewis, J. Bernard Schultz, Schultz & Schultz, Houston, for appellant.

Alice Giessel, Talbert, Giessel, Stone, Barker & Lyman, Charles W. Hurd, Fulbright & Jaworski, Larry Funderburk, Funderburk & Funderburk, Houston, for appellees.

Before DOYLE, DUGGAN and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a take nothing judgment against the appellant in a strict liability action.

In 1976, the appellant suffered upper body burns allegedly due to the flammability of Brut 33 Splash-On Lotion, which he had poured over his hands and chest. According to the appellant, the Brut lotion ignited when the appellant accidently dropped a match into his waistband. The appellant brought a strict liability suit against the appellee, alleging that the product lacked a warning indicating the product's flammability. The jury found against the appellant, and judgment was entered for the appellee.

We reverse and remand.

Initially, the appellant submitted only a partial statement of facts. Later, a motion was submitted to this court seeking permission to file a supplemental statement of facts. We granted the appellant's motion and the entire record is now before us.

In points of error one and three, the appellant contends that the judgment should be reversed because the court refused to admit evidence of post-accident warnings which are now placed on the containers of Brut 33 Splash-On Lotion, and be-

cause the court admitted into evidence statements that there are no governmental standards relating to the flammability of cosmetics.

■ Generally, in order for the admission or exclusion of evidence to constitute reversible error, the reviewing court must determine that error occurred, and that the error was harmful and calculated to cause, and probably did cause, the rendition of an improper judgment. *Otto v. Otto*, 438 S.W.2d 587 (Tex.Civ.App.—San Antonio 1969, no writ); *Robinson v. Howard County*, 287 S.W.2d 234 (Tex.Civ.App.—Eastland 1956, writ ref'd n.r.e.). In making this determination, the court is required to review the record as a whole. *Robinson, supra.*

After reviewing the entire record of the instant case, we find that the exclusion of the post-accident warnings was error, and was calculated to and probably did cause the rendition of an improper judgment.

■ Although the warning was properly excludable as evidence of subsequent repairs, it should have been admitted if it constituted relevant evidence of something other than negligence or culpability. *Simms v. Southwest Texas Methodist Hosp.*, 535 S.W.2d 192 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.).

■ The courts have long made exception to the rule barring evidence of subsequent repairs when the evidence is offered to show ownership, control, or the condition at the time of the accident, to rebut testimony that a product could not be improved, or, that a different design was not practical, or to show that the defect could have been remedied. *See Simms v. Southwest, supra;* 2 McCormick and Ray, *Texas Law of Evidence* sec. 1.151 (1956); Blakely "Relevancy and Its Limits" 20 Hous.L.Rev. 151 (1983); *Ford Motor Co. v. Nowak*, 638 S.W.2d 582 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

■ The appellant's bill of exception establishes that the warning was offered for the limited purpose of rebutting the testimony of one of the appellee's expert witnesses who testified that the product, even when wet, was not flammable. The post-accident warning reads as follows:

CAUTION: Cologne flammable until dry. Do not use near fire, flame or heat.

Several of appellee's witnesses testified that the product would not burn or ignite within several seconds of application because of its almost instantaneous evaporation.

Terry Smith, one of appellee's expert witness, testified that the product would not ignite, even when moist, and performed several in-court experiments attesting to this opinion. Two of appellee's witnesses also testified that no warning was necessary because the consumer knew of the product's flammability, therefore the risk to the public was too small to justify a warning. The post-accident warning stating that the product was *flammable until dry*, tends to rebut the testimony of appellee's witnesses concerning the flammability of the product, and the need or practicality of an improvement, i.e., a warning concerning the flammability of the product. Therefore, the evidence should have been admitted as relevant evidence of something other than negligence.

■ The appellant contends that the exclusion of this warning from evidence was harmful because the jury found in special issue no. 2 that Brut 33 Splash-On Lotion was not unreasonably dangerous without a warning concerning the flammability. We agree. One of the major issues in this type of strict liability action, is whether the seller introduced into commerce a non-defective product that he could anticipate would undergo change, and become unreasonably dangerous if the seller warned the consumer or user of such change. *Hamilton v. Motor Coach Industries, Inc.*, 569 S.W.2d 571, 575 (Tex.Civ.App.—Texarkana 1978, no writ); *Blackwell Burner Company v. Cerda*, 644 S.W.2d 512 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.).

Indeed, when asked by special issue no. 1 whether Faberge knew or should have known that Brut 33 could be flammable

after application, the jury answered: "Yes."

On this point, appellant introduced the testimony of Dr. Jacobus, who stated that the lotion was flammable for several minutes after it had been applied. He also performed in-court experiments which demonstrated the product's flammability as it evaporates.

Dr. Jacobus' findings were disputed by appellee's witness, Terry Smith, who also gave in-court demonstrations of the product's non-flammability throughout the stages of its evaporation. Appellee also introduced evidence of other tests performed by research scientists employed by appellee, which found little or no flammability in the product.

Under these circumstances, appellant's opportunity to prove the flammability of the product, after its application, was hampered by the court's exclusion of the evidence contained in the warning. There was no other evidence before the court, tending to show that the product could have been improved by a warning, or that such an improvement was necessary or practical. The probability of harm to appellant's case is demonstrated by the jury's finding that a failure to warn did not render the product unreasonably dangerous.

■ In discharging the burden of proving that the exclusion of evidence was prejudicial, an appellant need not prove that "but for" the excluded evidence, a different judgment would be necessarily resulted. *King v. Skelly*, 452 S.W.2d 691 (Tex.1970). He is only required to show that the exclusion of the evidence probably resulted in the rendition of an improper judgment. *King, supra.* This, the appellant has adequately shown.

■ The court admitted, over appellant's objection, testimony concerning the absence of governmental standards relating to the flammability of cosmetics. We consider this was prejudicial to appellant for several reasons. First, such testimony was not relevant to show any fact in issue. The appellee tried in vain to get Stanley Frederick, Executive Vice-President and corporate counsel of appellee, to state that because there were no governmental warnings about flammability on cosmetics, no problem existed concerning flammability.

(Questions by appellee's counsel)

QUESTION: What I was trying to find out is what governmental agencies do in playing a role in your forming your opinion that the general public knows about the flammability characteristics about these colognes.

ANSWER: Generally, if the FDA believes that a warning is necessary, they will promulgate a warning to the industry, will generally take part in the regulatory process.

QUESTION: If the government has not identified the problem, then it is your opinion that a problem does not exist.

ANSWER: That is not so. It all depends on the age of the product and it all depends on experience, the industry experience. You are talking about a product that is very old. And there were many years of good experience with the product.

QUESTION: Alcohol-based cologne, which has been on the market for a good number of years, in that case, it is your opinion that if the government didn't identify the problem, didn't tell you about that, that it is your opinion that the problem didn't exist?

ANSWER: No, the government didn't tell us of a problem. That doesn't mean there was none.

QUESTION: I thought that was what I was saying, that if the government didn't take steps, you therefore conclude there must not be a problem?

ANSWER: That is not what I said. I didn't use that as the only test. You are using that as the only test in restating my answer. I said that was one of the things.

From the foregoing testimony, it is obvious that the appellee was attempting to convince the jury that the government does not believe such products as Brut 33 Splash-On Lotion are flammable, and that

for such reason there were no government regulations as to warnings. Certainly the absence of government standards is no proof the subject product is safe or that no warning is necessary. Absent such proof, there is no basis for the admissibility, because the evidence would have no relevancy or materiality. *Bonner v. Mercantile National Bank*, 203 S.W.2d 780 (Tex.Civ. App.—Amarillo 1947, writ ref'd n.r.e.). The government was not a party to this litigation, nor was it even a witness. No cross-examination was possible concerning the absence of flammability regulations for cosmetics. The jury could only speculate as to why there were no standards. Indeed, it may well have been this testimony showing the absence of governmental flammability regulations for cosmetics that induced the jury to answer "No" to special issue no. 2 which asked:

Did the failure of Faberge, Incorporated to warn of the danger render the Brut 33 Splash-On Lotion unreasonably dangerous as marketed?

Appellant's first and third points of error are sustained.

The appellant's fourth point of error complains of the trial court's allowance of new demonstrative evidence during the defendant's closing argument. There is ample support in the record which shows that appellee went far beyond a mere reenactment of the demonstrative evidence given during the trial. The court and jury witnessed the following rare demonstration. According to appellant's undisputed account, during appellee's counsel's final argument, he suddenly produced an unmarked and unauthenticated bottle of what was purported to be the defendant's product. In plain view of the jury, counsel then poured the substance onto his arm, lit a match and passed it over the doused arm while stating:

I don't think Mr. Howard could put on a shirt any faster than I can light a match. Let's see how he did it.

God, if I am wrong, burn me.

My friends, ladies and gentlemen of the jury, I urge you to believe the evidence of your eyes. If you have any doubt about it, try it for yourselves. Upon normal application, the product is not flammable. That's issue number one: Is the product flammable upon application to the skin? My goodness, you just saw me do it. *I tried it at home before I tried it here to make sure. I tried it a hundred times.* If it had burned one time, I wouldn't have done it here. You don't try this sort of thing in the courtroom without knowing in advance what is going to happen. (Emphasis added)

Although the appellant did not object to the foregoing demonstration and argument, he contends that the argument was so prejudicial, that an objection was not required to preserve the error for appellate review.

■ Ordinarily, the appellate court classifies improper jury argument as either curable or incurable. If incurable, the appellant's failure to object does not result in a waiver. *Otis Elevator v. Wood*, 436 S.W.2d 324 (Tex.1968). The test for reversal is whether the argument, viewed in light of the entire record, was reasonably calculated to cause such prejudice to the opposing party that an instruction from the court would not eliminate the probability that an improper verdict was rendered. *Texas Sand Company v. Shield*, 381 S.W.2d 48, 58 (Tex.1964); *Magic Chef v. Sibley*, 546 S.W.2d 851, 857 (Tex.Civ.App.— San Antonio 1977, writ ref'd n.r.e.).

■ In the instant case, the probability that defense counsel's "experiment" was reasonably calculated to cause the rendition of an improper judgment is great. During appellant's closing remarks, appellant indicated the alleged "weaknesses" in the testimony of appellee's expert witnesses. Accordingly, defense counsel was justified in attempting to rebut appellant's remarks and inferences and urge the jury to accept the defense's theories. However, defense counsel went far beyond merely rebutting appellant's remarks. He performed an unauthorized in-court experiment on himself, by dousing his arm with

an unidentified liquid, and attempting to ignite it with a match.

Undoubtedly, the jury was affected by counsel's unsuccessful attempts to ignite the product on his arm, and by counsel's plea for God to burn him, if he were wrong. Because defense counsel was the only person during the trial to perform this type of experiment on a "live" human being, the evidence was not cumulative, as contended by appellee, but was highly prejudicial. An instruction from the court, would not have eliminated from the jurors' minds the combined visual and oral effects of defense counsel's experiment. Indeed, the central issue at trial was whether the product could have ignited after application, especially on a human body. Therefore, in light of the entire record, we find that an instruction from the court would not have eliminated the probability that an improper verdict was rendered. This point of error is sustained.

■ The appellant also contends that the trial court erred in refusing to instruct the jury that they should presume that the appellant would have read and heeded a proper warning had one been given. It is well established that such a presumption exists, where the product has no warning. *See Rawlings Sporting Goods Co. v. Daniels*, 619 S.W.2d 435 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.).

■ However, it is also well established that error in instruction, if any, is not reversible error unless it was reasonably calculated to cause, and probably did cause the rendition of an improper verdict. T.R.C.P. Rule 434, *Fox v. Boese*, 566 S.W.2d 682 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.).

■ Any error in the court's refusal to allow appellant an instruction regarding the presumption that a proper warning would have been read, understood, and heeded, was rendered harmless by the appellant's own testimony that he would have read a warning regarding flammability.

■ By its tenth reply point, appellee argues that any error in connection with liability was harmless and immaterial, because in response to special issue no. 6, the jury answered "none" to each of the damage subdivisions. Appellee contends that it is entitled to a take nothing judgment based on the jury's answer. As authority for its position, appellee cites *Lewis v. Isthmian Lines, Inc.*, 425 S.W.2d 893 (Tex.Civ. App.—Houston [14th Dist.] 1968, no writ); *Szmalec v. Madro*, 650 S.W.2d 514, 517 (Tex.Civ.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Southern Pine Lumber Co. v. Andrade*, 132 Tex. 372, 124 S.W.2d 334 (1939). Both *Lewis* and *Szmalec* held that where the jury found no damages, findings on the issues of liability were immaterial and harmless. This is the general rule.

■ However, in the case before us, although the jury found no damages, the parties had stipulated medical expenses in the amount of $736.15. Thus, upon favorable findings on the liability issues, appellant would have at least been entitled to a judgment for his medical expenses notwithstanding the jury's finding on damages. The appellee cites *Crain v. Hill County, Texas*, 613 S.W.2d 367 (Tex.Civ.App.— Waco 1981, writ ref'd n.r.e.), where the jury answered "none" to all of plaintiff's damage issues, and a take nothing judgment was upheld. However, we note that Justice Hall, in his opinion affirming the take nothing judgment, observed: "There are no stipulations of record that plaintiff suffered any damages." Because of the stipulation of medical expenses in the instant case, we find appellee's reply point without merit.

The judgment of the trial court is reversed and the cause is remanded for a new trial.