**Helen EASLEY, et al., Appellants,**

**v.**

**CASTLE MANOR NURSING HOME, et al., Appellees.**

No. 05–86–01012–CV.

Court of Appeals of Texas, Dallas.

June 5, 1987.

S. Craig Smith, Dallas, for appellants.

Sheree L. McCall, Dallas, for appellees.

Before ENOCH, C.J., and McCLUNG and LAGARDE, JJ.

McCLUNG, Justice.

Helen Easley, Bobby Darwin, and Kathryn Copeland appeal from a take nothing judgment rendered against them in their wrongful death suit against appellees. The suit arose out of the drowning death of appellants' mother while in the care of appellees. We affirm.

The case was submitted to the jury on special issues. The jury found that appellants suffered no damages. In appellants' motion for new trial, they asserted that there was no evidence to support the jury's finding of no damages. On appeal, appellants complain that the jury findings

on damages are against the great weight and preponderance of the evidence. Because appellants did not complain in their motion for new trial that the jury answers to the special issues on damages were against the great weight and preponderance of the evidence, we cannot consider appellants' point of error challenging the factual sufficiency of the evidence to support the jury's answers to those issues. *Griffin v. Rowden,* 702 S.W.2d 692, 694 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Royal Indemnity Company v. Hume,* 477 S.W.2d 683, 687–88 (Tex.Civ.App.—San Antonio 1972, no writ).

■ Since appellants failed to properly raise a point of error on the jury's finding of no damages, any error in the verdict on liability issues is harmless. *M.P.I., Inc. v. Dupre,* 596 S.W.2d 251, 255 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.); *Roever v. Delaney,* 589 S.W.2d 180, 182 (Tex.Civ.App.—Fort Worth 1979, no writ); *Wooley v. West,* 575 S.W.2d 659, 660 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.); *Mitchell v. Chaparral Chrysler Plymouth Sales, Inc.,* 572 S.W.2d 359, 360–61 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.). Indeed, where findings of "no damages" by the jury are not made subject to complaint on appeal the judgment is not to be reversed, even where there might exist reversible error in respect to the liability issues. *M.P.I., Inc.,* 596 S.W.2d at 255.

■ After examining each of appellants' properly raised points of error, we conclude that all relate to liability. Appellants' point of error concerning the trial court's quashing the subpoena of Dr. Fain relates to liability as Dr. Fain's testimony would have gone to the alleged negligence of appellees. Similarly, appellants' complaint of the trial court's exclusion of certain records also goes to the issue of appellees' liability as the records in question concerned noncompliance with certain state regulations. Clearly, appellants' remaining points of error concerning the sufficiency of the evidence to support the jury's findings of no negligence and no breach of express warranties concern appellees' liability. As appellants failed to properly raise a point on damages, we need not consider any of the points. Nevertheless, we have considered each point of error and each is overruled.

The judgment is affirmed.