**Rhonda WILKINS, Appellant,**

v.

**Neal REISMAN, Appellee.**

**No. B14–89–1127–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 24, 1991.

Rehearing Denied Feb. 14, 1991.

David J. Salinsky, Richard Schechter, Houston, for appellant.

Steve Gonzalez, John C. Marshall, Levon G. Hovnatanian, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Rhonda Wilkins appeals from a judgment based on a jury verdict in favor of Dr. Neal Reisman. This is a medical malpractice case, which presents the issue of whether Wilkins has conceded the jury's finding of zero damages by not challenging that finding in her motion for new trial.

Rhonda Wilkins asked Dr. Reisman to examine a birthmark on her right forearm to determine if it could be removed through cosmetic surgery. Reisman told her he could lighten or remove the birthmark through laser surgery and performed the surgery on Wilkins' arm. In the weeks following the surgery, Wilkins' arm developed a severe raised and bubbly-type scarring and disfigurement and became infected.

Wilkins sued Reisman for negligence in the diagnosis and treatment of the birthmark. The jury did not find Reisman failed to disclose all the risks and hazards involved in the treatment by laser therapy or that Reisman was negligent. When asked what sum of money would fairly and reasonably compensate Wilkins for her injuries, the jury answered "0."

■ The court reporter lost over one-half of her notes from which to compile the statement of facts for use in this appeal. Ordinarily, the court reporter's loss of her notes would require us to reverse the case without consideration of Wilkins' other points of error. See Wolters v. Wright, 623 S.W.2d 301, 305 (Tex.1981). Reisman, however, contends that Wilkins is not entitled to a new trial. He argues that the partial loss of the statement of facts is harmless error because Wilkins, in her motion for new trial, did not attack the jury's finding of zero damages. Therefore, the question we must answer is whether Wilkins' failure to attack the zero damages finding as supported by insufficient evidence, renders the partial loss of the statement of facts harmless error.

Reisman cites several courts of appeals cases in support of what he terms the "no appeal of zero damage, no reversal" rule. Those cases state that, where the damage findings are not challenged on appeal, any error in the verdict on *liability* issues is harmless. *See, e.g., Wisenbarger v. Gonzales Warm Springs Rehabilitation Hospital, Inc.*, 789 S.W.2d 688 (Tex.App.—Corpus Christi 1990, writ requested); *Easley v. Castle Manor Nursing*, 731 S.W.2d 743, 744 (Tex.App.—Dallas 1987, no writ); *Wooley v. West*, 575 S.W.2d 659, 660 (Tex.Civ. App.—Fort Worth 1978, writ ref'd n.r.e.); *Lewis v. Isthmian Lines, Inc.*, 425 S.W.2d 893, 894 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ).

This case, however, does not fall within that "rule" because Wilkins has challenged the jury's finding of zero damages on appeal. Wilkins has challenged prejudice during voir dire and prejudice in the exclusion of evidence, both of which could potentially contaminate the entire case, including the jury's damage findings. In each of the cases cited by appellee, the losing plaintiff only raised points of error on appeal concerning liability. Wilkins' points of error challenge the fairness of the *entire trial*, not just the liability issues. Wilkins alleges the trial court erred in instructing the jury panel that she was a topless dancer and in not allowing her counsel to voir dire the jury on her occupation. Wilkins contends the trial court's statements and his refusal to allow her counsel to voir dire on that issue denied her the right to a fair trial. That prejudice affects both liability and damages. Wilkins further alleges the trial court erred in refusing to admit evidence that showed the laser used by Reisman was not approved for use on humans at the time of the surgery. This evidence also affects both liability and damages.

Reisman asserts that in several of the cases cited in support of his proposition, the appellants brought similar points of error. *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hospital, Inc.*, 789 S.W.2d at 688; *Crain v. Hill County*, 613 S.W.2d 367 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.); *Mitchell v. Chaparral Chrys-*

ler–Plymouth Sales, Inc., 572 S.W.2d 359 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.). In each of those cases, however, the points raised on appeal related to liability only.

Wisenbarger v. Gonzales Warm Springs Rehabilitation Hospital, Inc., was a medical malpractice case. In that case, Wisenbarger claimed the trial court erred in including an instruction on unavoidable accident in the jury charge and in granting summary judgment on his Deceptive Trade Practices Act cause of action. The court stated, "Wisenbarger's points of error related to its negligence cause of action relate to the liability issue." 789 S.W.2d at 694. Mitchell v. Chaparral Chrysler–Plymouth Sales, Inc., involved a personal injury accident where a car had a defective bumper jack. Mitchell alleged the trial court erred in answering three questions submitted to the court by the jury during deliberation, and in making a comment to the jury concerning its question. He also alleged the court erred in failing to include his requested instructions on warning in the jury charge. There, the court stated, "After analyzing appellant's points of error, we conclude that all points relate to liability." 572 S.W.2d at 361. Crain v. Hill County also involved a car accident where the appellant's sole point of error on appeal was that the trial court improperly excluded proof of a defectively designed culvert. 613 S.W.2d at 369. In a single point of error, Crain alleged the trial court erred in excluding proof that the defendant failed to design and build the culvert within proper principles of engineering. The court found Crain's tendered proof that the culvert was defectively designed related only to the question of whether defendant caused the accident and did not bear on damages. Id. Reisman's authorities are limited to instances where the appellants' points were confined to the issues of liability. Here, we have a challenge to the fundamental fairness of the entire trial where the impact of the alleged errors is intertwined with the jury's consideration of both liability and damages.

The supreme court was faced with points similar to Wilkins' complaints in two recent cases. Babcock v. Northwest Memorial Hosp., 767 S.W.2d 705 (Tex.1989); Garcia v. Central Power & Light Co., 704 S.W.2d 734 (Tex.1986). Garcia was a wrongful death suit in which trial was to a jury. By a ten to two verdict, the jury found Garcia was 100% negligent, and the trial court rendered a take-nothing judgment against the Garcias. The Garcias' sole complaint on appeal was the overruling of their motion to allocate the same number of peremptory challenges to each side based on their assertion that there was no antagonism between the defendants. The Garcias did not challenge the jury's finding of zero damages. The supreme court, in reversing the trial court's judgment, found the trial was hotly contested and the allocation of more peremptory challenges to the defendants resulted in a materially unfair trial as a matter of law. Garcia v. Central Power & Light Co., 704 S.W.2d at 737.

Babcock was a medical malpractice action in which a jury found no liability and no damages. The Babcocks, in their motion for new trial, did not challenge the jury's finding of no damages. On appeal to the court of appeals and the supreme court, the Babcocks raised only one point of error—the trial court abused its discretion in prohibiting voir dire questions inquiring about the lawsuit crisis. Babcock v. Northwest Memorial Hosp., 767 S.W.2d at 707. The supreme court, in reversing the judgment and remanding for a new trial, held the trial court's refusal to allow questions directed at exposing bias or prejudice resulting from the controversy over tort reform denied the Babcocks the right to trial by a fair and impartial jury. Id. at 709. The court further held, "The trial court's actions, which resulted in the denial of the Babcocks' constitutional right to trial by a fair and impartial jury, was [sic] harmful." Id., citing Texas & Pac. Ry. v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528, 531 (1958). In both cases, as in this case, where the sole points on appeal concerned the exercise of peremptory challenges and voir dire, and the zero damage finding was not attacked, the supreme court found harmful error and granted a new trial.

■ Reisman further argues Wilkins cannot challenge the jury's finding of zero damages because she does not challenge the inadequacy of the damages in her motion for new trial. Reisman relies on Texas Rule of Civil Procedure 324, which provides:

(a) Motion for New Trial Not Required. A point in a motion for new trial is not a prerequisite to a complaint on appeal in either a jury or a nonjury case, except as provided in subdivision (b).

(b) Motion for New Trial Required. A point in a motion for new trial is a prerequisite to the following complaints on appeal:

(1) A complaint on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default;

(2) A complaint of factual insufficiency of the evidence to support a jury finding;

(3) A complaint that a jury finding is against the overwhelming weight of the evidence;

(4) A complaint of inadequacy or excessiveness of the damages found by the jury;

(5) Incurable jury argument if not otherwise ruled on by the trial court.

Rule 324 states that a motion for new trial is not necessary to preserve error except in limited circumstances. Here, Wilkins' points of error focus on the conduct of voir dire and the exclusion of evidence. Those types of error do not fall within the points enumerated in rule 324(b).

The purpose of filing a motion for new trial is to inform the trial court of the error and give him an opportunity to correct that error. With regard to points of error concerning voir dire, the complaining party makes his objection at the time the comment on the weight of the evidence is made or his counsel is disallowed voir dire on a certain issue. To preserve error in the exclusion of evidence, a party need only proffer the evidence. Therefore, the error has already been pointed out to the trial court and he has been given an opportunity to correct it.

The supreme court stated in *Babcock:*

We hold that the Babcocks properly preserved error in accordance with Tex.R. App.P. 52(a). They presented a timely request to the trial court, stating the specific grounds for the ruling they desired, and obtained a ruling from the court.

*Babcock v. Northwest Memorial Hosp.,* 767 S.W.2d at 708.

Wilkins, like the Garcias and the Babcocks, has attacked issues that affect the impartiality of the jury and the unfairness of the entire trial. We cannot say that the jury's knowledge that Wilkins was a topless dancer, and their potential prejudice resulting from that knowledge, affected only the jury's answers to the liability questions, or only their answers to the damage questions. The same holds true for the trial court's refusal to allow voir dire on that subject and his refusal to allow certain evidence.

■ Because we do not have a complete statement of facts, we cannot determine whether Wilkins made the proper objections. For that reason, we must reverse the trial court's judgment and remand for a new trial. If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, the lost record may require a new trial where the appellant's right to have the case reviewed on appeal can be preserved in no other way. *Wolters v. Wright,* 623 S.W.2d at 305. Here, Wilkins' right to have this case fairly reviewed cannot be preserved without a complete statement of facts. Wilkins was not responsible for the failure to obtain a complete statement of facts and she exercised due diligence in attempting to obtain a complete statement of facts. The portion of the statement of facts that is missing contains the transcription of the voir dire examination of the jury panel and other pertinent portions relating to Wilkins' points of error. Without a complete statement of facts, we can not fairly review Wilkins'

points. We sustain Wilkins' first point of error.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

SEARS, Justice, concurring.

There is no question that Texas courts have previously found that a proper challenge to alleged error in voir dire [1], peremptory challenges [2], exclusions of admissible evidence [3] or in the jury instruction [4] is sufficient to preserve reversible error without the additional requirement of alleging error in the jury findings. Obviously, if such reversible error occurs that prevents the party from having a fair trial, it also prevents the jury from reaching answers that are consistent with the law and the facts. The error is not in the jurys *failure to find*, the error is in the courts failure to give the jury the *opportunity to find*.

ROBERTSON, Justice, dissenting.

No matter how much the majority strains at changing the posture of this case, their efforts are in vain. In reversing this judgment the majority fails to follow established precedent and, without any record to support appellant's allegations, the majority finds appellant's challenge to the "fundamental fairness" of the entire trial sufficient to order a new trial. I dissent.

At the close of the evidence, the trial court submitted five questions to the jury: (1) whether Dr. Reisman failed to disclose the risks and hazards of the treatment, (2) was such a proximate cause; (3) was Dr. Reisman negligent, (4) was such a proximate cause, and (5) damages suffered—submitted in 10 elements. The jury failed to find lack of informed consent, failed to find negligence and answered each of the ten elements of damages "0". Judgment was signed on August 11, 1989, and appel-

lant filed her motion for new trial on September 1, 1989. In her motion for new trial she complained of: two matters concerning voir dire, two matters concerning evidence—admitted on one occasion and rejected on the other, the failure of the jury to find lack of informed consent was against the great weight of the evidence, and outside influence (a newspaper advertisement) upon the jury. Appellee filed a response to the motion for new trial on September 27th and the docket sheet reveals that the motion for new trial was heard on September 29th, and denied October 2nd. On October 27th, appellant gave notice of appeal, filed her appeal bond, and requested the court reporter to prepare the transcription of the evidence. On or about December 5, 1989, the court reporter informed all counsel that "at least half of her notes" were missing. Appellant's motion, filed in this court, to reverse and remand, and opposed by appellee on the same basis on which he now opposes a reversal, was denied.

The majority errs in ordering a reversal of the lower court's judgment because by failing to complain of the jury's finding of no damages in her motion for new trial appellant has, as a matter of law, waived any error occurring at trial. As Chief Justice Tunks of this court stated in *Lewis v. Isthmian Lines, Inc.,* 425 S.W.2d 893 (Tex. Civ.App.—Houston [14th Dist.] 1968, no writ):

> Since the jury found that the plaintiff sustained no damage from his injury, errors, if there were any, as to the issues on liability were immaterial and harmless unless the finding of no damage be set aside. (citing cases) Those cases are holdings to the effect that errors in findings of no damage are not harmful where other findings show no liability. On the reasoning of those cases, we hold that the errors here, if any, on the findings of no liability are harmless where,

1. *Babcock v. Northwest Memorial Hospital,* 767 S.W.2d 705 (Tex.1989).

2. *Garcia v. Central Power & Light Co.,* 704 S.W.2d 734 (Tex.1986).

3. *Grain v. Hill County,* 613 S.W.2d 367 (Tex.Civ. App.—Waco 1981, writ ref'd n.r.e.).

4. *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hospital Inc.,* 789 S.W.2d 688 (Tex. App.—Corpus Christi 1990, writ denied).

as here, there is an unchallenged finding of no damages.

We treat this jury's finding of no damage as unchallenged because it was not challenged by any proper assignment of error in the plaintiff's motion for new trial.

There is an unbroken line of cases announcing the same rule. For example, see: *Easley v. Castle Manor Nursing Home*, 731 S.W.2d 743 (Tex.App.—Dallas 1987, no writ); *MPI, Inc. v. Dupre*, 596 S.W.2d 251 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.); *Roever v. Delaney*, 589 S.W.2d 180 (Tex.Civ.App.—Fort Worth 1979, no writ); *Mitchell v. Chaparral Chrysler–Plymouth Sales, Inc.*, 572 S.W.2d 359 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.); *Wooley v. West*, 575 S.W.2d 659 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.).

All of these cases are bottomed upon *Southern Pine Lumber Co. Andrade*, 132 Tex. 372, 124 S.W.2d 334 (1939). It is interesting to note that in *Sharpe v. Safway Scaffolds Co. of Houston*, 687 S.W.2d 386 (Tex.App.—Houston [14th Dist.] 1985, no writ), Chief Justice Brown of this court opined that the supreme court should reconsider the automatic application of the rule of *Southern Pine* but until it did so "we are bound by it and by the previous decisions of this Court."

The majority says this case does not fall within the rule of these cases "because Wilkins has challenged the jury's finding of zero damages on appeal." The majority reaches this conclusion because it reasons that since appellant challenges the "prejudice during voir dire and prejudice in the exclusion of evidence" both could "potentially contaminate the entire case, including the jury's damage findings." *The fact is that appellant has not raised a point in her brief which relates to the jury's finding of no damages.* "For this reason, too, the verdict in this respect is final, so that any error in the verdict on the liability issues would be harmless." *Lewis, supra* at 895. See also: *Crain v. Hill County*, 613 S.W.2d 367 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.) and *Rancho Camille, S.A. v. Beachum*, 596 S.W.2d 632 (Tex.Civ.App.

—Waco 1980, no writ) (findings of fact not challenged by proper assignment of error on appeal are binding on the parties and the court.). Appellant's inability to obtain a statement of facts is inconsequential and irrelevant.

At oral argument, appellant for the first time cited *Babcock v. Northwest Memorial Hospital*, 767 S.W.2d 705 (Tex.1989) and *Garcia v. Central Power & Light Co.*, 704 S.W.2d 734 (Tex.1986), stating that each of the cases had undermined the rule abovestated. Reliance upon those cases is disingenuous at best. However, the majority has seized upon them and, while not going to the extent that appellant did, has found comfort in them. Again, the majority is in error. In neither *Babcock* nor *Garcia* did the appellee challenge the court's consideration of the issue raised by appellant on the ground that appellant had waived consideration of the issue because the appellant had failed to properly assign error on damages in the motion for new trial. While I agree the court of appeals and/or the supreme court, without a challenge by the appellee, could have raised the issue on its own, *the fact is that neither court did so* in either case. To now assert that either or both of the cases weaken the well-established rule discussed above is, in my view, preposterous.

Appellant has coined a tricky phrase—"fundamental unfairness"—which the majority grabs and thereby carves an exception to the "no appeal of zero damage finding, no reversal." First, the "fundamental unfairness" is outside the record because there is nothing in this record to support the claim. Second, there is no exception, nor should there be, to the rule. The Fort Worth court succinctly stated the reason in *Roever, supra*. There the appellant did not complain of the jury's finding of no damages. The court held that the appellant was simply not entitled to any relief because "he is before the appellate court complaining of matters which occurred at trial, *while at the same time conceding that he has suffered no harm.*" (emphasis added.)

Appellant's fundamental unfairness argument is hollow. If there is any unfairness worked to appellant, it results from appellant's failure to comply with Tex.R. Civ.P. 324. It plainly requires certain complaints to be raised in a motion for new trial. Having failed to complain of no damages precludes relief on any issue for the simple reason that the no damage finding is final.

Appellant is not due a reversal of the trial court judgment. The well established rule discussed above would apply to this case just as surely if there were a complete statement of facts before this court. The loss of a portion of the statement of facts is a red herring. In the context in which the case comes to us, it is totally immaterial.

The judgment should be affirmed.