**PARK NORTH SERVICE CENTER, L.P., Appellant,**

v.

**APPLIED CIRCUIT TECHNOLOGY, INC. d/b/a Automated Circuit Design, Appellee.**

No. 05–10–00042–CV.

Court of Appeals of Texas, Dallas.

April 14, 2011.

Harvey G. Joseph, Law Offices of Harvey G. Joseph, Dallas, TX, for Appellant.

Patrick C. Frank, Fielder, Akin, Frank & Carlton, P.C., Plano, TX, for Appellee.

Before Justices MOSELEY, FILLMORE, and MYERS.

## OPINION

Opinion By Justice FILLMORE.

Park North Service Center, L.P. (Park North) appeals the take-nothing judgment entered in favor of Applied Circuit Technology, Inc. d/b/a Automated Circuit Design (ACT) arguing, in one issue, that the trial court erred by refusing to submit to the jury Park North's proposed jury questions on its affirmative defenses. ACT has not filed a brief with this Court. We affirm the trial court's judgment.

## Background [1]

On October 30, 2000, ACT entered into a written agreement with Park North to lease a commercial building for a period of ninety-six months. Over the next several years, ACT complained to Park North about defects in the building, and Park North attempted to repair the defects. On September 15, 2006, ACT vacated the premises. Park North sued ACT for breach of contract.

ACT answered and asserted the affirmative defenses of constructive eviction, failure to mitigate, promissory estoppel, and payment. ACT also filed a counterclaim alleging Park North breached the lease agreement and constructively evicted ACT from the premises. Park North answered the counterclaim and asserted affirmative defenses of waiver, estoppel, force majeure, laches, assumption of the risk, and that ACT leased the premises "as is" and, therefore, waived any implied warranties.

The case was tried to a jury. Both parties submitted a proposed jury charge to the trial court. Park North requested jury questions on its affirmative defenses to ACT's constructive eviction claim. Specifically, Park North requested the jury be asked whether ACT (1) waived its right to claim it was constructively evicted, (2) was estopped from asserting it was constructively evicted, (3) was barred by laches from asserting it was constructively evicted, (4) assumed the risk of the condition of the premises, or (5) leased the premises "as is" and waived any implied warranties of merchantability, habitability, fitness for a particular purpose or any other kind. The trial court denied Park North's request that the questions be submitted to the jury.

In the jury charge, the trial court submitted questions asking the jury whether ACT failed to comply with the lease and whether ACT was constructively evicted.[2]

---

1. Because Park North has challenged neither the legal nor the factual sufficiency of the evidence to support the verdict, we include only those facts necessary to address Park North's issue on appeal.

2. The trial court also asked the jury whether ACT intentionally interfered with a contract of sale for the property. The jury answered this question in ACT's favor, and Park North has not challenged this answer on appeal.

The jury found ACT did not breach the lease and was constructively evicted. However, it awarded ACT no damages on its constructive eviction claim. The trial court entered a take nothing judgment against both Park North and ACT.

## Analysis

■ Park North asserts the trial court erred by failing to submit the proposed questions on Park North's affirmative defenses. We review the trial court's decision to submit a particular question for an abuse of discretion. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990); *Henry v. Masson*, 333 S.W.3d 825, 848–49 (Tex.App.-Houston [1st Dist.] 2010, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or if it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

■ The trial court is required to submit to the jury a properly requested question that is raised by the pleadings and evidence and is necessary to enable the jury to render a verdict. TEX.R. CIV. P. 278; *Union Pac. R.R. Co. v. Williams*, 85 S.W.3d 162, 166 (Tex.2002); *Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 617 (Tex.App.-Dallas 2010, no pet.). A trial court may refuse to submit a question only if there is no evidence in the record to warrant its submission. *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex.1992); *Barnett v. Coppell N. Tex. Court, Ltd.*, 123 S.W.3d 804, 824 (Tex.App.-Dallas 2003, pet. denied); *see also Exxon Corp. v. Perez*, 842 S.W.2d 629, 631 (Tex.1992) (per curiam) (trial court erred by denying properly requested question on viable affirmative defense that was timely raised by pleadings and evidence).

■ Park North asserts there was more than a scintilla of evidence to support the requested questions on its pleaded affirmative defenses and, therefore, the trial court had no discretion to refuse to submit the questions to the jury. However, even if the trial court erred by failing to submit the requested questions to the jury, we may not reverse unless the error is harmful. *Barnett*, 123 S.W.3d at 825. Error in a jury charge is harmful only if it probably caused the rendition of an improper judgment. TEX.R.APP. P. 44.1(a); *Barnett*, 123 S.W.3d at 825.

Park North's affirmative defenses were directed towards ACT's claim that it was constructively evicted. Although the jury found ACT was constructively evicted, it awarded no damages on the claim. Accordingly, the trial court's refusal to submit Park North's proposed questions did not result in an improper verdict and did not harm Park North. *See Easley v. Castle Manor Nursing Home*, 731 S.W.2d 743, 744 (Tex.App.-Dallas 1987, no writ) ("Indeed, where findings of 'no damages' by the jury are not made subject to complaint on appeal the judgment is not to be reversed, even where there might exist reversible error in respect to the liability issues."); *Cooper v. Lyon Fin. Servs., Inc.*, 65 S.W.3d 197, 209 (Tex.App.-Houston [14th Dist.] 2001, no pet.) ("Even if the trial court erred in granting a directed verdict against Cooper on his breach of express and implied warranties claim (and we do not so conclude), the finding of no damages renders that error harmless."). We overrule Park North's sole issue and affirm the trial court's judgment.