# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

=====

## NO. 03-11-00610-CV

=====

**Donnie Tasker, Appellant**

**v.**

**Foley Property Assets, LLC; Carroll Tim Beason and Veronica Beason, Appellees**

=====

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-09-001009, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

=====

## M E M O R A N D U M   O P I N I O N

Donnie Tasker appeals from a final summary judgment that he take nothing on claims he asserted against the landlord of his apartment, Foley Property Assets, LLC, seeking money damages resulting from what Tasker alleges were bites he received from brown recluse spiders in his apartment unit.[1]  Under Texas law, as Foley emphasizes on appeal, a landlord generally owes no duty to a tenant with respect to an alleged dangerous condition on the leased premises.  *Johnson Cnty. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996); *Daitch v. Mid-America Apartment Cmtys.*, 250 S.W.3d 191, 194 (Tex. App.—Dallas 2008, no pet.).  However, although Foley insists otherwise on appeal, it did not move for summary judgment on this ground.  *See*

---

[1]  Tasker also sued two individuals, Carroll Tim Beason and Veronica Beason, but subsequently nonsuited his claims against them.  Tasker later identified the Beasons as appellees in his notice of appeal, as reflected in our caption, but does not assign any error.  Tasker has thereby waived any appellate complaints regarding the Beasons.  *See Secure Comm, Inc. v. Anderson*, 31 S.W.3d 428, 431 (Tex. App.—Austin 2000, no pet.).

*McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *cf. Nall v. Plunkett*, ___ S.W.3d ___, No. 12-0627, 2013 WL 3240335, at *3 (Tex. June 28, 2013) (per curiam).

Under these circumstances, we will simply state our holding that, having reviewed the parties' arguments and the record with regard to the summary-judgment grounds Foley did raise, Foley was not entitled to summary judgment with regard to Tasker's premises-liability theory and what Tasker styles as a distinct ordinary negligence claim.[2]  To that extent, we reverse the district court's judgment and remand for further proceedings.  We affirm the district court's summary judgment as to Tasker's nuisance claim.  *See* Tex. R. App. P. 47.1.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed in part; Reversed and Remanded in part

Filed:   August 28, 2013

---

[2]  We express no opinion as to whether Tasker could properly assert a negligence theory distinct from premises liability, as Foley did not challenge whether he could.